STATE OF MINNESOTA ex rel. REYNOLDS S. COWDEN v. CHARLES G. MILLER and Others.[1]

October 21, 1896.

Nos. 10,202—(63).

Constitution—Employment of Veterans.
    Laws 1887, c. 149 (G. S. 1894, § 8041), entitled "An act giving preference in appointment and employment to honorably discharged Union soldiers and sailors," held constitutional.

Petition by relator to the district court for St. Louis county for a peremptory writ of mandamus to be issued to defendants Charles G. Miller and others, as the board of county commissioners of St. Louis county, directing them to remove defendant William Haycraft from the position of fireman of the county court house of said county and to appoint relator thereto. From a judgment granting the relief

[1] Reported in 68 N. W. 732.

sought, entered in pursuance of the findings and order of Morris, J., defendants appealed. Affirmed.

*Geo. E. Arbury,* for appellants.

*White & McKeon,* for respondent.

MITCHELL, J. The only question raised on this appeal is the constitutionality of Laws 1887, c. 149 (G. S. 1894, § 8041), which provides: "That in every public department and upon all the public works of the state of Minnesota, and the counties, towns, cities and villages thereof, honorably discharged Union soldiers and sailors, who are properly qualified, shall be preferred for appointment and employment," etc. The county attorney states that he was directed by the county board to take this appeal in order to get the opinion of this court as to the constitutionality of this act, but he suggests no reason why the act is unconstitutional. On the contrary, he admits in his brief that similar statutes have been held valid in other states. No provision of the constitution occurs to us with which the act conflicts. We therefore affirm the action of the trial court in holding the act constitutional.

Other questions discussed by counsel for the respondent, as to the construction of the act and as to the remedy in case of a refusal to comply with its provisions, not being raised by the appellants, are not considered.

Judgment affirmed.