STATE EX REL. JOHN B. SCHULTZ v. WILLIAM F. SCOTT AND OTHERS.[1]

May 8, 1925.

No. 24,514.

**What names must be certified by civil service commissioner of St. Paul.**

When an appointment is to be made to fill a position within the classified service of the city of St. Paul, it is the duty of the civil service commissioner to certify to the appointing officer the required number of names of persons who have passed a civil service examination. Under the city charter and the civil service rules, the commissioner must include in the certified list the names of those who received the highest rank in the examination, leaving it to the appointing officer to determine which one of the persons named should receive the appointment under chapter 192, L. 1919, commonly known as the Soldiers Preference Act.

1.   See Municipal Corporations, 28 Cyc. pp. 587, 588.

Upon the relation of John B. Schultz the district court for Ramsey county granted its alternative writ of mandamus directed to E. M. Skipton and George C. Sudheimer, commanding them to cancel the certification of eligibles made by the civil service commissioner to the commissioner of public safety for the purpose of filling certain vacancies. Boerner, J., discharged the writ. From the judgment, relator appealed. Reversed.

*O. H. O'Neill,* for appellant.

*Carlton McNally* and *Arthur A. Stewart,* for respondent.

LEES, C.

A provision of the city charter of the city of St. Paul places the fire department, designated as the bureau of fire protection, under the direction of the commissioner of public safety and gives him the power to appoint firemen. Another provision creates the office of civil service commissioner and authorizes that officer, with the con-

[1]Reported in 203 N. W. 774.

currence of the city council, to adopt rules and regulations governing the classified service. Under the rules, applicants for positions are required to take an open competitive examination to determine their qualifications. The names of those who pass the examination successfully are entered on a list of eligibles in the order of their rating in the examination. Whenever a vacancy in the classified service occurs, the officer charged with the duty of filling it, must make a requisition on the civil service commissioner for a certified list of those who are eligible for appointment. The names of the three persons who have the highest rank on the list of eligibles must be sent to him and from these he selects the appointee. If two or more vacancies are to be filled, two more names than the number of appointments to be made must be certified.

In May, 1924, there were three vacancies to be filled in the bureau of fire protection. Firemen are in the classified service, and the commissioner of public safety made the proper requisition upon the civil service commissioner, who sent to him five names and certified that the persons named had the highest rating on the eligible list. As a matter of fact the relator's name occupied the second highest place on the list, but it was not sent in, for the reason that he was not a soldier or sailor who served in the World War, as were the five men whose names were furnished. These men had applied for the positions to be filled and had passed the civil service examination.

Upon a showing of these facts the district court, on the application of the relator, issued an alternative writ of mandamus, directed to the civil service commissioner and to the commissioner of public safety, requiring them to cancel the certified list, and requiring the first named commissioner to place the relator's name on the list of eligibles and certify it to the last named commissioner or show cause why this was not done.

Thereafter, upon a stipulation that the court might find the facts to be substantially as above set forth, findings were made and judgment for respondents ordered. The relator has appealed from the judgment discharging the writ.

By virtue of chapter 192, p. 194, L. 1919, honorably discharged soldiers and sailors who served in the late war have a preference over other applicants for positions in the public service. Before any appointment is made there must be an investigation to determine the qualifications of the applicants, and if it be found that an applicant has the qualifications required by the act, he shall be appointed to such position.

It is the duty of the officer who makes the appointment to do all this. That officer, in the instant case, is the commissioner of public safety, and not the civil service commissioner who has no voice in the selection of the appointee. The only duty the latter had to perform was to send to the former the names of the five persons having the highest rank on the eligible list. It is true that no appointment could be made until this certificate was received by the commissioner of public safety, and, under the rules, the civil service commissioner must send in the names of the five applicants who received the highest standing in the competive examination, none of whom may be ex-service men. In such a case, if the rules are followed, other applicants who are honorably discharged soldiers and sailors, but who did not rank as high in the examination, will be unable to have their names placed before the appointing officer. Such a situation should not be permitted to arise and the rules should be amended to make them fit in with the provisions of chapter 192, p. 194, L. 1919, but of course that is a matter which can only be considered by officials who make the rules.

All that the record discloses is that, although the relator's name was next to the head of the list of those who passed the examination, it was not included in the certified list sent to the commissioner of public safety. Under the rules it is clear that his name should have been included, and hence the writ should not have been discharged.

We surmise that the real purpose of this proceeding is to have this court pass upon the validity of chapter 192, p. 194, L. 1919, but that cannot be done upon this record.

Judgment reversed.