## STATE EX REL. GEORGE J. MEEHAN v. W. M. EMPIE AND OTHERS.[1]

June 26, 1925.

No. 24,496.

**Statute giving former soldiers preference in public employment does not violate equality clause in Constitution.**

1. The statute giving honorably discharged soldiers a preference in public employment, when they are fit and qualified to do the work, is constitutional. It does not contravene the equality provision of the Constitution. The legislature determines public policy; and it may make fitness to discharge the duties of the employment the test, and not relative efficiency.

**Fair finding of appointing body as to applicant's fitness not reversible on mandamus.**

2. It is the duty of the appointing body to make the investigation prescribed by the statute. The question of fitness is first and primarily for it. If it makes the investigation, and finds against the applicant, its finding cannot be disturbed by the court on mandamus in the absence of manifest arbitrariness or the like; but it is its duty to make the inquiry and determine fairly.

**To obtain relief on mandamus finding necessary that no investigation was made or action upon it was arbitrary.**

3. The trial court found that the relator was fit and qualified to discharge the duties of the employment for which he applied. This is not enough to entitle him to relief on mandamus. A finding, supported by evidence, that the appointing body did not make the investi-

[1]Reported in 204 N. W. 572.

gation, or that its action was the result of manifest arbitrariness, was necessary.

**Position of marketmaster within preference statute.**

4. The position of marketmaster in Virginia is within the preference statute.

1. See Constitutional Law, 12 C. J. pp. 887, § 390, 1112, § 828; Officers, 29 Cyc. p. 1380 (Anno).
2. See Mandamus, 38 C. J. p. 703, § 287.
3. See Mandamus, 38 C. J. p. 703, § 287.
4. See Municipal Corporations, 28 Cyc. p. 588 (Anno).

---

1. See note in 10 L. R. A. (N. S.) 825; 5 R. C. L. 613; 1 R. C. L. Supp. 1448; 4 R. C. L. Supp. 338; 5 R. C. L. Supp. 294; 6. R. C. L. 935.

Alternative writ of mandamus issued by the district court of St. Louis county to compel the respondents, constituting the common council of Virginia, to appoint the relator to the position of marketmaster. Trial before Freeman, J., and judgment for peremptory writ. Respondents appealed. Reversed.

*E. J. Larsen* and *Jenswold, Jenswold & Dahle*, for appellants.
*Archer & Rosemeier*, for respondent.

DIBELL, J.

Mandamus to compel the common council of Virginia to appoint the relator to the position of marketmaster. There was judgment for the relator, and the defendants appeal.

1. So far as important here the statute provides that in every public department and upon all public works in the state honorably discharged soldiers, who are citizens and residents of the state, shall be entitled to preference in employment; and that the appointing body shall "make an investigation as to the qualifications of said soldier, * * * and if he is a man of good moral character, and can perform the duties of said position," shall appoint him to such position. L. 1919, p. 194, c. 192; G. S. 1923, §§ 4368, 4369. The statute gives the soldier an action for damages for a refusal to

recognize his preference right, and a remedy by. mandamus for specifically righting the wrong.

The relator was an honorably discharged soldier and applied for the position of marketmaster asserting his right of preference. There were several applicants. Some of them were soldiers. None of the soldiers, except the relator, sought a preference. The council appointed one who was not a soldier.

The statute fixes the standard of qualifications and fitness. It must be construed sensibly. It intends that the soldier applicant, to be entitled to preferential appointment, shall be capable of performing the duties of the position in a reasonably efficient manner. It does not intend that a soldier shall have a preference if he can perform the duties of the position merely after a fashion, though not with genuine efficiency. If the applicant has the degree of fitness stated, his relative efficiency, when compared with that of his competitors, is unimportant. Clearly this is the thought of the statute.

In State v. Miller, 66 Minn. 90, 68 N. W. 732, a soldiers' preference act giving a preference to those "properly qualified" was held constitutional without discussion. In State v. Copeland, 74 Minn. 371, 77 N. W. 221, the same statute was assumed to be constitutional, but it was held unenforceable by mandamus. The present statute was applied without question in State v. Board, 149 Minn. 332, 183 N. W. 521, and Johnson v. Pugh, 152 Minn. 437, 189 N. W. 257; and in State v. Matson, 155 Minn. 137, 193 N. W. 30, where its important provisions are quoted, it was held, under the facts there presented, not to violate the equality provision of the Constitution.

Some statutes give a preference only when the soldier's qualifications are equal to those of other applicants. They to that extent make relative efficiency the test. They involve no serious constitutional question nor any considerable difficulty in application. Shaw v. Marshalltown, 131 Iowa, 128, 104 N. W. 1121, 10 L. R. A. (N. S.) 825, 9 Ann. Cas. 1039, where the cases are collected in the prevailing and dissenting opinions; McBride v. City of Independence, 134 Iowa, 501, 110 N. W. 157; Dever v. Humphrey, 68 Kan. 759, 75 Pac. 1037, 1 Ann. Cas. 293; Keim v. U. S. 177 U. S. 290, 20 Sup.

Ct. 574, 44 L. ed. 774; 5 R. C. L. 613; 6 R. C. L. 395; note 16 A. L. R. 1409; 1 Ann. Cas. 291.

We reach the conclusion, though we consider the question not free of doubt, that the statute, construed as we have indicated, does not offend the equality provision of the Constitution. The public gets efficient service. Under some other system it might get better or it might get worse. If the soldier responds to the statutory test, it is a question of public policy, determinable by the legislature, whether the further test of relative efficiency should be required. The statute may embody bad policy or good policy. Courts do not determine public policy when the legislature speaks. The statute violates no fundamental law. See Opinion of Justices, 166 Mass. 589, 44 N. E. 625, 34 L. R. A. 58; Brown v. Russell, 166 Mass. 14, 43 N. E. 1005, 32 L. R. A. 253, 55 Am. St. 357. There is no civil service law, so far as we are informed, which interferes with the free application of the statute. The holding that a preference act was invalid in Barthelmess v. Cukor, 231 N. Y. 435, 132 N. E. 140, 16 A. L. R. 1404, is explained by a particular provision of the Constitution relative to employment on the basis of merit. And it may be noted that some of the cases, though all do not agree, regard service in the army, with its accompanying training and discipline, as tending to give assurance of efficient service, and therefore a factor for consideration, and the service rendered as itself worthy of recognition. Brown v. Russell, 166 Mass. 14, 23, 43 N. E. 1005, 32 L. R. A. 253, 55 Am. St. 357; Goodrich v. Mitchell, 68 Kan. 765, 775, 75 Pac. 1034, 64 L. R. A. 945, 104 Am. St. 429, 1 Ann. Cas. 288.

The trial court was of the view which we have expressed; but matters now to be noted were not presented at the trial or given consideration.

2. It is the duty of the appointing body to make the investigation prescribed by the statute. That duty is imposed upon it directly. Presumably it will discharge it fairly.

The question of qualification or fitness is first and primarily for the appointing body. The trial court on mandamus, or this court on review, cannot substitute its own view of the fact. Only when

the appointing power declines to investigate, declines to apply the law, or proceeds with manifest arbitrariness, or something equivalent thereto, can relief be had by mandamus. The court does not determine the question of fitness. Evidence of it may be competent in determining whether the appointing body applied the law at all or, applying it, proceeded with manifest arbitrariness. It is to be assumed that the appointing body will proceed with the investigation, and will be fair. If it chooses otherwise there is difficulty of enforcement arising from the inherent nature of the subject. It cannot be remedied by the court through an assumption of authority to appoint. Its power is confined within the limits which we have stated.

3. The evidence was taken upon the theory, largely at least, that the issue was whether the relator was qualified for the appointment. The real question was whether the council applied the law at all, making the required investigation, or with manifest arbitrariness determined that the relator was not fit. The finding of the trial court is that the relator is possessed of the requisite fitness. That does not determine that he is entitled to the employment. The trial court, or this court, may think him fit, and yet concede that a contrary belief of the council is sustained, or at least not so arbitrary as to vitiate its finding.

4. It is urged by the defendants that the marketmaster, by reason of the character of his position, is the head of a department, and not within the statute which provides:

"Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer."

The charter of Virginia gives it power:

"To establish and regulate the location of markets and market houses and to provide for the use thereof."

The council in 1919 appointed a marketmaster, and appointments have been made since. We do not find a distinct provision for the

appointment, nor a definition of the marketmaster's duties. It was the view of the trial court that any person of average intelligence and fairly pleasant disposition could handle the position without difficulty, and that it was "just one step above a common labor job." We accept the trial court's view and hold that the position is within the statute.

Two other points are made by the defendants which it is proper to mention but they do not require discussion. One is that the relator did not make his claim for a preference sufficiently specific. His claim was informal, but it was enough to inform the council, and the point is not well taken. The other is that there were other soldier applicants who did not claim a preference. The defendants gain nothing from this. If more than one of the soldier applicants had claimed a preference, or if one had been appointed without claiming a preference, we might have a question not now here. The case is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.