STATE EX REL. JOHN M. GILES v. WILLIAM F. SCOTT
AND ANOTHER.[1]

April 29, 1927.

No. 26,027.

**When applicant for position is not entitled to appointment, even if within soldiers preference act.**

Where an appointment is to be made under civil service rules which require the civil service commissioner to certify the three having the highest rating on the eligible list and require the appointing officer to select one of those three, an applicant not one of the three is not entitled to the appointment although within the soldiers preference act.

Municipal Corporations, 28 Cyc. p. 416 n. 3.

Mandamus in the district court for Ramsey county to compel the appointment of the relator to a position in the bureau of fire protection of St. Paul pursuant to the provisions of the soldiers preference act. There was judgment, Bechhoefer, J., for the respondents, and the relator appealed. Affirmed.

*George W. Hamilton, Jr.,* for appellant.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for respondents.

TAYLOR, C.

The relator is an honorably discharged soldier and within the provisions of L. 1919, p. 194, c. 192 (G. S. 1923, §§ 4368, 4369), known as the soldiers preference act. He is employed in the classified service of the fire department of the city of St. Paul, which service is subject to the civil service provisions of the city charter. He passed the examination for promotion to the position of engineer and his name was placed on the list of those eligible for appointment to that position. Under the civil service rules the names of those eligible for such positions are placed on the list in the order of their standing at the examination, and his name was ninth on the

[1]Reported in 213 N. W. 738.

list.   Thereafter a vacancy occurred in the position of engineer. The civil service rules provide that the appointing officer shall apply to the civil service bureau for the names of those eligible for appointment, that the civil service bureau shall certify the names of the three standing highest on the eligible list, and that the appointing officer shall select one of those three.   This procedure was followed.   The commissioner of civil service certified the three highest on the eligible list and the commissioner of public safety appointed one of them to the position.

The relator contends that although not one of the three from among whom the commissioner was required to make his selection, he is nevertheless entitled to the appointment under the soldiers preference act.   This same question was considered in the case of State ex rel. Schultz v. Scott, 163 Minn. 190, 203 N. W. 774, involving these same provisions, and was determined adversely to the contention of the present relator.   That case is decisive of this, and the judgment appealed from is affirmed.