## A. T. HOLMQUIST v. INDEPENDENT SCHOOL DISTRICT OF VIRGINIA.[1]

June 20, 1930.

No. 27,948.

*Essling & Bundlie, Warner E. Whipple* and *George W. Atmore, Jr.* for appellant.

*F. J. Rosemeier,* for respondent.

DIBELL, J.

Action by the plaintiff against the defendant, Independent School District of Virginia, to recover his salary as a janitor from the

[1]Reported in 231 N. W. 406.

15th day of March, 1929, the date when he was discharged. The court sustained a demurrer to the complaint, and the plaintiff appeals.

The plaintiff was employed as a janitor by the defendant school district. He is an honorably discharged soldier of the late war. He is competent to perform his duties. The defendant had the right to discharge him unless he is protected by the soldiers preference act, G. S. 1923 (1 Mason, 1927) §§ 4368-4369. If within the terms of the statute he cannot be discharged. State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572.

Section 4368 provides for a preference to honorably discharged soldiers of the World war "in every public department and upon all public works in the state of Minnesota and the counties, cities, and towns thereof." Section 4369 provides that no such person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities or towns thereof shall be removed except for incompetency or misconduct.

The only question is whether school districts come within the statute mentioned. A similar statute has long been in force. The title of the act as found in L. 1907, p. 355, c. 263, which has since passed into the present statute, is as follows:

"An act regulating appointments, employment and removals in public departments and upon public works in the state of Minnesota, and the counties, cities and towns thereof, relating to state, judicial, county, township, city and town officers."

No mention is made of school districts. The officers of school districts are not thought of as township, city or town officers. The legislation as to school districts has always been kept apart from township, city and town officers. In but few instances do municipalities other than school districts control or manage the schools. The design to keep schools and school districts apart is plain. If there had been a purpose to include them among the corporate or quasi corporate municipal bodies to which the soldiers preference act was to apply their inclusion naturally would have been specific. The statutory enumeration of the positions to which the preference

is applicable is specific. A careful reading of the statute strongly impresses us with the view taken by the trial court that the inclusion of school districts was not intended; and the omission of them evidences an intention not to include them. We are cited to no case construing the statute.

Order affirmed.