STATE EX REL. WILLIAM H. KINLER v. HENRY RINES.[1]

December 18, 1931.

No. 28,720.

[1]Reported in 239 N. W. 670.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *William K. Montague,* Assistant Attorney General, for appellant.

*Donald O. Wright, Alfred W. Bowen,* and *William H. Kinler,* for respondent.

DIBELL, J.

Mandamus on the relation of William H. Kinler, an honorably discharged soldier of the world war, against the commission of administration and finance and the comptroller to compel the relator's reinstatement as an assistant public examiner and the payment of his salary since he was discharged. There were findings for the relator, and the respondent comptroller was directed to reinstate the relator and cause him to be paid $237.50 per month from the time of his discharge. The respondent comptroller appeals from the judgment directing the issuance of a peremptory writ.

In December, 1919, the relator was employed by the state as an assistant examiner. By L. 1925, p. 756, c. 426, art. XVIII, the office of public examiner was abolished and the duties of said office taken over by the comptroller of the state. The relator was then reëmployed as an assistant examiner and continued in such employment until July 1, 1930, when he was refused further employment. No charges were made against him, and no hearing was had. The question is whether the refusal of employment to the relator was wrongful. By L. 1907, p. 355, c. 263, soldiers were given a preference in appointments in the public service. This act with a number of amendments is carried into G. S. 1923 (1 Mason, 1927) §§ 4368, 4369. The statute need not be quoted. We have held that it is

constitutional, and that an ex-service man within its terms and fit for the work is entitled to preference. State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6560. The relator is within its terms, and unless a later statute justifies the refusal of employment he is entitled to relief.

By the reorganization act of 1925, L. 1925, p. 756, c. 426, art. XVIII, the office of public examiner was abolished and the authority and powers conferred upon him were vested in the comptroller. This act, now embodied in 1 Mason, 1927, c. 3A, was an act in relation to the reorganization of the state government. It worked a radical, drastic, and far-reaching change in the state government. It was intended to draw within its provisions all the activities of the state government so far as it might. In the first University case, State ex rel. University of Minnesota v. Chase, 175 Minn. 259, 220 N. W. 951, it was said that its purpose was to reach and control all of the activities of the state; and it is effective to that end except in so far as it is restrained by constitutional limitations. One department of the new state government is the department of administration and finance, composed of three officers, of whom the comptroller is one. Great power was placed in the commission; and it was itself made subject to the control of the governor. The civil government of the state was definitely centralized with the governor at the head. Complete control of the employment and discharge of employes, except as there were specific exceptions, was intended.

Art. XX, § 1, of the act provides:

"* * * The term of office or employment of all state employes shall be at the pleasure of the appointing officer."

Art. XX, § 2, provides:

"All other acts or parts of acts now in effect inconsistent with the provisions of this act are hereby superseded, modified, or amended to conform to and give full force and effect to the provisions of this act."

Art. XX, § 3, provides:

"Wherever in this act rights, powers or duties by law vested in or imposed upon any department, official or agency of the state government are transferred to, vested in or imposed upon another department, officer or agency thereof, this act shall be construed as transferring all rights, remedies and obligations including appropriations made to such department, official or agency."

Art. XVIII, § 1, provides:

"The office of public examiner is hereby abolished, and the authority conferred and the duties imposed upon that officer by existing law are hereby transferred to, vested in, and imposed upon the comptroller."

In this connection we note, without particular emphasis, the old law relative to the public examiner and his power of appointment and removal, G. S. 1923 (1 Mason, 1927) § 3286, and the construction of a similar act, in its bearing on the soldiers preference act, in State ex rel. Allen v. Rush, 131 Minn. 190, 154 N. W. 947; and we note that subsequent to the public examiner act the soldiers preference act was reënacted with some amendments. A discussion of the effect upon an intermediate act of the enactment of a later law, which is no more than the reënactment of a former one, the rule relative to which apparently was first stated in Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614, is not profitable for the purposes of this controversy. And see 6 Dunnell, Minn. Dig. (2 ed.) § 8925. The legislature intended a new scheme for the appointment and discharge of state employes. It effected the change by putting the commission which it created in charge. It was not to be hampered. No permissible construction sustains a holding that the relator's position was a preferential one after the enactment of the reorganization act of 1925 and so long as it was in effect in respect of such position.

■ Attention is called to L. 1931, p. 442, c. 347, relating to preferences to service men and its effect upon the reorganization act and the authority of the comptroller to appoint and discharge. It

is not for consideration now. All the facts in controversy occurred prior to the enactment of the 1931 act, and the act is not retroactive in operation.

Judgment reversed.

