# STATE EX REL. JOSEPH THORNTON v. WILLIAM RITCHEL AND OTHERS.[1]

June 15, 1934.

No. 29,760.

[1]Reported in 255 N. W. 627.

*Thomas H. Strizich* and *I. R. Galob*, for appellants (respondents below).

*Clarence H. Kleffman*, for respondent (relator below).

*I. M. OLSEN, Justice.*

Joseph Thornton will be herein referred to as relator, and William Ritchel, C. A. Nickoloff, Ralph Nelson, and Charles E. McIllhargey as respondents.

Relator brought action by *mandamus* in the district court of St. Louis county against the respondents, who are the civil service commissioners and chief of the fire department of the village of Hibbing, in said county, to compel them to reinstate relator to his position as a fireman in that department. Relator was duly appointed as such fireman in 1931 and served as such until discharged March 31, 1933. The case was tried in the district court and findings of fact and conclusions of law made, the conclusions of law being that a writ of *mandamus* issue compelling the respondent McIllhargey, the chief and appointing officer of said fire department, to reappoint relator to his former position in the department. A motion was made by respondents for amended findings of fact and conclusions of law, and, in the alternative, for a new trial. From an order denying such motion this appeal was taken.

The civil service commission of the fire department of Hibbing was established and operates under L. 1929, c. 57, Mason Minn. St. 1934 Supp. §§ 1933-23 to 1933-41. The respondents Ritchel, Nickoloff, and Nelson are the members thereof. Section 7 of the law provides that the commission "shall have absolute control and supervision over the employment, promotion, discharge and suspension of all officers and employees of the fire department." While the chief of the department makes the formal appointments and discharges, he has no power of selection, as that is vested in the commission. In this case, the commission, by resolution, discharged the relator.

Sections 10, 11, and 12 of the law provide for the examination of applicants for positions in the department, for the grading of positions, and for the placing of those found eligible on examination, after giving credit for character and previous successful experience, upon the eligible register.

Section 9 of the law provides that no officer or employe shall be removed or discharged except for cause, upon written charges and after opportunity to be heard. Because of the situation hereinafter shown, that section has no direct application. No charges were made or hearing had.

Section 8 provides that the commission shall make, and, from time to time, amend and change rules to promote efficiency in the fire department service. The rules shall provide, among other things, for:

"(d) The creation and maintenance of lists of eligible candidates after successful examination in order of their standing in the examination and without reference to the time of examination. Such lists shall be embraced in an eligible register. The commission may by rule provide for striking any name from the eligible register after it has been two years thereon."

"(f) The certification of the name standing highest on the appropriate list to fill any vacancy."

The commission, by rule, had provided that "when there are several names upon the register of eligibles there shall always be certified two more names than the number of appointments to be made." The list, so certified, goes to the appointing officer, the chief of the department, and from such list he chooses the ones to fill the positions. In 1931 there were eight places to be filled. Examinations were held, a list of eligibles made, and their names placed on the eligible register. The passing grade or mark was 75. The ten standing highest on the list were then certified to the appointing officer, and he appointed the eight having the highest rank or marks. The list of eligibles who had passed the examination contained additional names. Relator stood highest on both lists, with a grade or mark of 97.13. Next in order came John Russ,

96.57; Archie Passeri, 93.50; Adolph Negri, 92.06; Edwin Gustafson, 91.62; Stephen D. Lorenger, 90.72; David G. Burkman, 89.91; Lyle Stapleton, 89.87; James Demgen, 87.74; and William J. Bergman, 87.34. The two last named, standing ninth and tenth, were not appointed. Of the eight men appointed, Stephen D. Lorenger and Lyle Stapleton were veterans, entitled to preference under the soldiers preference act as amended by L. 1931, c. 347.

This situation continued until March, 1933. At that time final judgments were obtained by four ex-service men who had passed the examination in 1931 and been placed on the eligible register but whose names had not been certified to the appointing officer because their standing, while sufficient for them to pass, was lower than that of the ten names certified. The judgments entitled them to preference 'over nonservice men included in the list of ten above named, and ordered that they be appointed. This would have given the fire department four more firemen than it was authorized to have or to pay compensation to. However, a few days previously one fireman, appointed prior to 1931, had died. This left three firemen, appointed in 1931, who had to be discharged in order to make places for the four ex-service men whom the court had ordered to be appointed. Out of the eight men appointed in 1931, the following six were not ex-service men and not entitled to any preference under the soldiers preference law, and their standings were as follows: Joseph Thornton, relator, 97.13; John Russ, 96.57; Archie Passeri, 93.50; Adolph Negri, 92.06; Edwin Gustafson, 91.62; and David G. Burkman, 89.91. Which three should be discharged? Rule 19, section 4, of the commission, provides:

"Whenever it becomes necessary in any department, through lack of work or funds, or for other cause, to reduce the force in any employment, the person working in such department who was last certified for such employment shall be the first laid off. Seniority of certification shall control in layoff in cases of employees transferred from one department to another, or reinstated in the service."

The commission discharged relator, Adolph Negri, and David G. Burkman. It left in service John Russ, Archie Passeri, and Edwin

Gustafson, all of whom had a substantially lower standing and grade than relator, and one of whom had a lower grade than Adolph Negri.

Finding of fact No. 17, made by the trial court, is claimed to be erroneous and not sustained by the evidence. It reads as follows:

"That while on the fire department relator performed his duties in an efficient and entirely satisfactory manner, and his discharge and the retention of Gustafson, Russ, and Passeri was not due to anything connected with the performance or lack of performance of his duties. That relator, Gustafson, Russ, and Passeri were good firemen and that their merits as firemen were equal."

This finding is well sustained by the testimony. While the commissioners testified that they spent an hour or more in considering which men to discharge, they presented not a single fact or reason for discharging relator in preference to men having lower examination grades. They presented no charges. They admitted that relator's services were entirely satisfactory and that he was fully as efficient as any of the men retained.

Respondents urge that, in the situation here shown, they had the power, in their discretion, to discharge any of the nonservice men appointed in 1931 irrespective of their examination grade or standing. The court made very complete findings of fact, embracing all the statutory provisions and rules of the commission hereinbefore referred to. After a careful consideration of these provisions and rules, we agree with the trial court that it clearly appears therefrom that it was the duty of the commission to give effect to the rating of relator on the certified list and not to discharge him in preference to men having a lower rating, unless some cause was shown for granting preference to men with such lower rating. No cause was here shown. The efficiency of the fire department should be best served by retaining the men who, upon examination had, showed the highest qualifications. That appears to be the aim of the statute.

It may be noted that one William J. Bergman had an action pending at the time of this trial to compel his appointment as a

fireman in Hibbing in the place made vacant by the death of the one fireman in March, 1933, claiming a preference right under the soldiers preference act. The case in reference to the four ex-service men to whom preference was granted is reported in 188 Minn. 157, 246 N. W. 900.

We recognize the rule that the courts cannot by *mandamus* control the exercise of discretion vested in an official or commission of this kind; but courts have the power to determine whether, on a given state of facts and under the law and rules applicable thereto, a commission or official had any discretion.

We do not find Markey v. Schunk, 152 Iowa, 508, 132 N. W. 883, controlling.

Order affirmed.

*DEVANEY, Chief Justice,* took no part.

