## STATE EX REL. EDWARD LEONARD BLASKI v. JOHN A. FISHER AND OTHERS.[1]

March 22, 1935.

No. 30,210.

*Bert W. Forbes,* City Attorney, *John F. Ball,* Assistant City Attorney, and *Fryberger, Fulton & Boyle,* for appellants (respondents below).

*McCoy & Hansen,* for respondent (relator below).

HILTON, JUSTICE.

*Mandamus* proceedings by Edward Leonard Blaski, respondent, to compel appellants Fisher and Moore, chief of the fire department and commissioner of public safety, respectively, of the city of Duluth, Minnesota, to appoint him to the position of assistant chief of the fire department. The claim is that respondent, having served in the United States navy during the war between the United States and its allies and the Imperial Government of Germany and its allies, and having been honorably discharged, is entitled to such

[1]Reported in 259 N. W. 694.

appointment under the soldiers preference act. 1 Mason Minn. St. 1927, §§ 4368 and 4369, as amended, 3 Mason Minn. St. 1934 Supp. §§ 4369-1 to 4369-3. The trial court filed findings of fact and conclusions of law in favor of Blaski and ordered judgment compelling appellants to so appoint him. A motion for amended findings, conclusions of law, and order for judgment, or for a new trial, was in all things denied, and this appeal is therefrom.

The fire department of Duluth consists of a chief, four assistant chiefs, a number of captains, lieutenants, and ordinary firemen. A vacancy occurred in one of the positions of assistant chief. Under the civil service rules of the city of Duluth relative to the fire department, an examination was held in which five captains in the department participated. The three highest in the examination were, in the order named, England, Kilgore, and Blaski. Their names were certified to the chief of the department. England was appointed. All three were qualified. England was senior in point of service; he was appointed solely because of such seniority. During the two years previous to the appointment, Blaski and England, both then captains, had each intermittently, when an assistant chief was absent, acted as assistant chief. During that time the length of such service by Blaski occupied about one-fourth of his entire time. The length of time that England had so served was longer. Both properly performed the full duties of assistant chief while acting in that capacity. The qualifications of each are admitted. Appellants assert, however, that the position of assistant chief is by virtue of 1 Mason Minn. St. 1927, § 4369, exempt from the application of the soldiers preference act. That section provides:

"Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer."

The court found, among other things, that the position of assistant fire chief was not a position of private secretary or deputy of any official or department, and that such assistant fire chief was

not a person holding a strictly confidential relation to the appointing officer. Therein lies the only question in this case.

On the record it is too evident to warrant discussion that those filling the positions of assistant chiefs of the fire department are not secretaries or deputies of the chief. They are, of course, subordinates, and, under the rules, in case of the absence or disability of a higher officer, each in turn for the time being may perform the duties of such officer. When an assistant chief performs the duties of chief he does not do so as a deputy chief—there is no such office provided for—but as an acting chief by virtue of the fact that he is an assistant chief. He does not receive his authority from the chief but from the rules; the chief is not responsible for his acts while acting as chief.

Is an assistant chief a person "holding a strictly confidential relation to the appointing officer?" We think the court's finding on that question was correct. The duties of assistant chief are set out in the rules and regulations governing the fire department of the city of Duluth. He is to attend fires and respond to alarms; to assume command at fires unless command is assumed by his superior in rank; to visit each fire company in his district at least once a week and inspect the fire house, equipment, etc. and keep a record of the result of such inspection; to remain in his district while on duty unless permitted to leave by the chief and to respond promptly and expeditiously to all alarms and calls for first aid; promptly and officially to report to the chief, or the officer acting as such, if unable to perform his duties; to inspect uniforms and require strict compliance with regulations, etc.; to inquire into the cause of fires in his district, ascertain amount of loss, insurance, name of owner and occupant, value of buildings and contents, and report same to the chief's office; to make a special report to the chief in writing of any fire that appears to be of incendiary origin; to convey all orders of the chief to the members of the department in his district and transmit all reports and communications of the officers and members of his district to the chief; to perform such other duties and make such further reports as the chief may from time to time direct. Manifestly, there is no *"strictly* confidential"

relationship between the assistant chiefs and the chief in the performance of the above recited general duties. The rules further provide that the chief "may appoint the four assistant chiefs, or any number thereof as he may deem proper, to sit with him as a Board in the consideration of any matters, where, in his judgment such Board consideration may be advisable."

In its memorandum the court stated:

"Likewise the claim is made that the Assistant Fire Chief holds a strictly confidential relation to the Chief. But likewise does a Captain to an Assistant Chief and a Lieutenant to a Captain. The confidences differ in degree but not in kind. The legislature did not have such confidences in mind as a basis for exemption."

With this we agree. There is always between the head of a department and the officers and employes thereof a relation of confidence. In the rules relating to captains it is expressly provided [Rule 10, § 31]: "They shall perform such other duties as may from time to time be assigned them by a superior officer." Pursuant to that rule the chief could assign to a captain a task that would require secrecy and a confidential relation between them. An assistant chief could do likewise. Relative to secrecy with regard to departmental matters, Rule 12, § 32, provides: "No member of the department shall give out any information relative to the department, its operation, equipment, etc. unless by permission of the Chief." The chief undoubtedly could require an ordinary fireman to make a specified investigation or to secure information especially for and to keep the same secret. Naturally, a certain degree of confidence must be observed by all members of the department, and the higher the rank the higher is the degree of confidence, but we are convinced that the confidential relationship existing between an assistant fire chief and the chief is not such as the legislature contemplated by 1 Mason Minn. St. 1927, § 4369, hereinbefore quoted. It has ever been the purpose of this court so to construe the soldiers preference laws as to give effect to the manifest purpose and sound policy of the legislature. State ex rel. Kangas v. McDonald, 188 Minn. 157, 246 N. W. 900; State ex rel.

Meehan v. Empie, 164 Minn. 14, 204 N. W. 572. Our conclusion is that the position of assistant fire chief is not exempt from the operation of the veterans preference act.

Affirmed.