**In the Matter of Donald N. GRAMKE, Petitioner, Respondent,**

v.

**CASS COUNTY, Relator.**

**No. C1–88–1837.**

Court of Appeals of Minnesota.

Jan. 3, 1989.

Review Granted Feb. 22, 1989.

Leo M. McDonnell, Duluth, for petitioner, respondent.

Earl E. Maus, Cass County Atty., Walker, for relator.

Hubert H. Humphrey, III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., Saint Paul, for Dept. of Veterans Affairs.

Heard, considered and decided by FORSBERG, P.J., and CRIPPEN and NORTON, JJ.

## OPINION

FORSBERG, Judge.

Cass County appeals a decision of the Commissioner of Veteran Affairs that Donald Gramke was entitled to a discharge hearing following his firing as Cass County Chief Deputy Sheriff. We affirm.

## FACTS

James Dowson was elected Cass County Sheriff in November 1986. Donald Gramke lost to Dowson in the primary and thereafter actively supported Dowson. On

January 5, 1987, Dowson hired Gramke as chief deputy. His appointment was on a form used for deputy sheriff.

Deputy sheriffs in Cass County are part of the civil service classified system. Deputy sheriffs are also represented by a union. Gramke's appointment was not processed through civil service and Gramke was not represented by the deputy's labor union. The chief deputy position was the only appointed position in the Sheriff's Department.

The parties dispute the amount of authority that Gramke had after his appointment. Gramke did not schedule personnel. He did not have keys to the sheriff's office. Gramke did have confidential discussions with Dowson involving political situations, criminal investigation, and sensitive employment matters. Several employees testified that Gramke did not appear to have the authority that Dowson, the previous chief deputy, had.

On July 15, 1987, Sheriff Dowson orally dismissed Gramke. Gramke, a veteran, applied to the Sheriff and the County Board of Commissioners for a hearing. The request was denied on the basis that Gramke was a "chief deputy" and excluded from the benefits of the Veterans Preference Act. Gramke then appealed to the Commissioner of Veteran Affairs (Commissioner) under the provisions of Minn.Stat. §§ 197.46, 197.481 (1986 & Supp.1987).

The Administrative Law Judge (ALJ) found that because Minn.Stat. § 387.145 (Supp.1987) did not authorize a chief deputy sheriff for Cass County, Gramke's position was that of a deputy sheriff. ALJ also found that Gramke did not occupy a position which involved a "strictly confidential relation to the appointing officer" within the meaning of Minn.Stat. § 197.46 (1986). The ALJ recommended Gramke be given a hearing, at which time Cass County must establish cause for his discharge. The ALJ also recommended that Gramke be paid from the time of discharge until the existence of cause for termination was shown. The Commissioner adopted the findings and conclusions of the ALJ and ordered a

hearing and pay for Gramke. Cass County appeals.

## ISSUES

1. Did Donald Gramke hold the position of chief deputy for Cass County?

2. Did Donald Gramke have a "strictly confidential" relationship with the appointing officer?

## ANALYSIS

In reviewing a decision of the Commissioner of Veteran Affairs, this court may reverse, affirm, modify, or remand for further proceedings if substantial rights of the petitioner have been prejudiced because administrative findings or conclusions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority of jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1986). Agency decisions are presumed correct and deference is given to an agency's expertise or special knowledge in a certain field.

## I.

■ The ALJ determined that Gramke was not chief deputy within the meaning of the Veterans Preference Act (VPA), Minn. Stat. § 197.46 (1986). The VPA provides that veterans cannot be removed from public employment except for incompetency or misconduct shown after a hearing. However,

Nothing in section 197.455 or this section [197.46] shall be construed to apply to the position of private secretary, teacher, superintendent of schools, or one chief deputy of any elected official or head of a department, or to any person holding a strictly confidential relation to the appointing officer. The burden of establishing such relationship shall be upon

**6**

the appointing officer in all proceedings and actions relating thereto.

Minn.Stat. § 197.46 (1986). Cass County argues that Gramke was a chief deputy within the meaning of the statute and thus is not entitled to hearing. The ALJ found that Gramke was not a chief deputy because Cass County was not authorized to have a chief deputy. Minn.Stat. § 387.145 (1986) provides:

> Notwithstanding the provision of any law to the contrary the sheriff of any county which has 100,000 or more inhabitants according to the 1980 federal census or the latest federal census thereafter may appoint a chief deputy or first assistant with the approval of the county board.

The ALJ took judicial notice, and neither side disputes, that Cass County has less than 100,000 inhabitants.

The ALJ reasoned that although there is no specific statute prohibiting counties with population of less than 100,000 from appointing a chief deputy, that results from the "natural import of the language used." The ALJ stated

> No reason is apparent why legislative authorization would be required for the appointment of a chief deputy or first assistant in counties with a population of at least 100,000 inhabitants if the general authority of the sheriff to appoint deputies contained in Minn.Stat. § 387.14 (1986) is sufficient to create the position of chief deputy * * * in counties with a smaller population.

We agree.

## II.

Cass County argues that not only was Gramke chief deputy, but he also had a confidential relationship with his appointing officer. The existence of a confidential relationship depends on the duties of the position and the relationship. *Blaski v. Fisher*, 194 Minn. 75, 77, 259 N.W. 694, 695 (1935); *State v. Mangni*, 231 Minn. 457, 466–67, 43 N.W.2d 775, 780 (1950). The record shows that Gramke was told he would act as sheriff in Dowson's absence and perform duties delegated by Dowson.

These are the types of responsibilities that do not establish the existence of the necessary confidential relationship to the appointing authority. The sheriff may have had unspecified expectations about the degree of confidence he might develop in Gramke in the future, but this is insufficient. The ALJ found the only evidence to support a confidential relationship were unspecified conversations related to the running of the office and therefore Dowson had not met the burden of showing this confidential relationship.

### DECISION

We find Donald Gramke was not a chief deputy sheriff nor did he have a "strictly confidential" relationship with the sheriff. Therefore the exceptions to Minn.Stat. § 197.46 (1986) do not apply and Gramke is entitled to a hearing and pay.

AFFIRMED.