STATE ex rel HALL, Respondent, v. BRATSBERG, et al, Appellants.

(271 N. W. 218.)

(File No. 7969. Opinion filed February 3, 1937.)

*R. B. Palmer,* State's Attorney, of Woonsocket, for Appellants.

*Frank W. Mitchell,* of Mitchell, for Intervener Appellant.

*F. D. Richards,* of Woonsocket, and *Fred D. Shandorf,* of Mitchell, for Respondent.

POLLEY, J. This is a mandamus proceeding brought pursuant to the provisions of section 4 of chapter 188, Laws 1935. Some five or six different parties, of whom W. S. Mitchell, plaintiff in intervention, was one, applied to the Board of County Commissioners of Sanborn County for appointment as county superintendent of highways. Mitchell received the appointment.

All of said applicants except Mitchell are honorably discharged soldiers of the World War and claim that chapter 188, Laws 1935,

gives them a preference right to the appointment. After the appointment was made, plaintiff instituted this proceeding in mandamus to compel the board to appoint him as such highway superintendent. He brought the proceeding on behalf of himself and all others similarly situated, and the said Mitchell, who had received such appointment, filed a complaint in intervention and became a party to the proceeding.

Section 1 of chapter 188, Laws of 1935, reads as follows: "In every public department and upon all public works in the State, and of the counties, cities, towns, townships, and school districts thereof, honorably discharged soldiers, sailors, marines, and nurses from the army and navy of the United States in the late civil war, Spanish-American War, Philippine insurrection, China relief expedition, or war with Germany, who are citizens and residents of this State, shall be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications."

It will be noted that the right to a preference is not absolute, but exists only when there is no nonveteran applicant of "greater qualifications" for the office or employment.

Section 3 of said chapter provides that, when application for appointment or employment has been made under the provisions of section 1 thereof, the officer, board, or person whose duty it is, or may be, to appoint or employ a person to fill such position or place, shall, before making any appointment, make an investigation as to the relative qualifications of the applicants for such place or position, and, if the party or board making such investigation finds that the applicant soldier, sailor, marine, or nurse is of good moral character and can perform the duties of said position so applied for as well as any nonveteran applicant, such officer, board or person shall appoint such veteran applicant to such position, place, or appointment.

Section 4 provides that failure to make such investigation, or the appointment after it has been determined who is entitled to such appointment, authorizes the applicant to a writ of mandamus to compel the board to make such investigation, or such appointment as the case may be.

It is the contention of plaintiff that defendant did not, before making such appointment, make the investigation as to the relative qualifications of the various applicants to perform the duties incident to the said appointment; and, it is true, that no formal hearing was had. But the court found: "That at the trial of this action four of said County Commissioners were called as witnesses and each of them testified in part substantially as follows: that he was and had been for some time well acquainted with the several applicants and had personal knowledge of the qualifications of each of them for the position of County Highway Superintendent; that before acting upon the appointment of such Highway Superintendent he considered in his own mind the relative qualifications of the several applicants for the position and was and is of the opinion that W. S. Mitchell was and is better qualified than any of the other of said applicants to perform the duties of said office, and that his appointment would be and is for the best interests of Sanborn county."

The court further found: "That all of the applicants, both veteran and non-veteran, were and are of good moral character and able to perform the duties of said position so applied for; and further finds that said Board of County Commissioners, and the several members thereof, were of the opinion that they were legally authorized to appoint a non-veteran to the position in question if they believed the non-veteran applicant to possess qualifications therefor greater than any one of the veteran applicants; and that a majority of the members of said Board, at the time of appointing the said W. S. Mitchell, had considered the relative qualifications of the several applicants, as known to them from their own individual acquaintance with said applicants and from such individual inquiry as they may have severally made relative thereto, and believed that the said W. S. Mitchell was possessed of greater qualifications and was better able to perform the duties of the office than any other applicant."

These two findings of fact show a complete knowledge of the relative qualifications of the various applicants for the appointment, and it is not found by the court, nor claimed by any of the plaintiffs, that the board could have learned any more in regard to the relative qualifications of the applicants by holding a formal hearing

than they already knew, therefore the holding of a formal hearing would have served no useful purpose whatever, and was not necessary. State v. McNeill, 83 Kan. 234, 109 P. 783; State v. Addison, 76 Kan. 699, 92 P. 581.

It will be noted that section 3 imposes two duties upon the board: First, to make the investigation and determine the qualifications for the appointment as between the veteran and the non-veteran; and, second, to give the appointment or employment to the party found to be entitled thereto. If the board fails or refuses to perform either of these duties in their proper order, then under the provisions of section 4 the court may issue a writ of mandamus to compel the performances of such duties. But the court cannot make the appointment.

"The appointing power is in the board, and not in the courts; and, even if the latter could compel the former to remove the present incumbent, they could not compel the board to appoint the relator. The board would still have a discretion as to what soldier or sailor they would appoint." State ex rel v. Copeland, 74 Minn. 371, 77 N. W. 221, 222; State ex rel v. Empie, 164 Minn. 14, 204 N. W. 572; 46 C. J. page 959.

The trial court made the following conclusions of law:

"Second. That the appointment of W. S. Mitchell to the office of County Highway Superintendent of Sanborn County by the County Commissioners of said county on the 7th day of January, 1936, was without legal authority and voidable for the following reasons, to wit:

"'1st. Because said County Commissioners did not first, as a Board, at a regular meeting or a special meeting called for that purpose, hold a hearing and investigate and determine the question as to whether the veteran applicants were of good moral character and able to perform the duties of the office, and make a record of the result of such investigation and determination by motion or resolution entered in the minutes of such hearing.

"'2nd. Because it appears that each of said veteran applicants is of good moral character and able to perform the duties of County Highway Superintendent of Sanborn County.'

"Third. That the plaintiff herein is entitled to have a peremptory writ of mandamus issued out of this Court ordering and

directing the Board of County Commissioners of Sanborn County to hold a hearing and investigation at a regular or special meeting of said Board, to determine the qualifications of said ex-soldier applicants, and ordering and directing said County Commissioners, if they decide to appoint a highway superintendent at all, to appoint as Highway Superintendent of Sanborn County one of said ex-soldier applicants or other eligible veteran candidate; to cancel and revoke the appointment of W. S. Mitchell to said office; and in all things comply with the provisions of chapter 188 of the Session Laws of the State of South Dakota for the year of 1935 in making such re-appointment.

"Fourth. That the plaintiff is entitled to judgment granting the relief aforesaid and for the costs of this proceeding to be taxed against the defendants in their official capacity."

These conclusions of law are not supported by the findings of fact and are contrary to the law applicable to the case. As above said, the board did not hold a formal hearing to ascertain the relative qualifications of the different applicants, but that was not necessary. Section 3 of said law does not require that the investigation and determination be made at a regular or called meeting of the Board of County Commissioners. Of course, it would be more orderly to make the investigation at such meeting and make a record thereof, but, so long as the board proceeds in good faith and ascertains the facts necessary to make a decision and decides the case according to the facts, the investigation is sufficient.

The judgment appealed from is reversed, and the cause is remanded to the circuit court, with directions to dismiss the proceeding. No costs to be taxed by either party.

All the Judges concur.