## SWANTUSH v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—VETERANS' PREFERENCE ACT—CONSTITUTIONAL LAW—CLASS LEGISLATION.

Objection that veterans' preference act (1 Comp. Laws 1929, §§ 900, 901) is unconstitutional in that it provides that veterans shall receive preference regardless of qualifications, and that veterans are not required to take competitive examinations required of other applicants for municipal employment, is not tenable, since it expressly provides that veteran applicant is given preference only when he possesses "other requisite qualifications which shall be at least equal to those of other applicants."

2. SAME—IMPAIRMENT OF CONTRACT.

Nor is constitutionality of said statute assailable on ground that it impairs contractual rights.

3. SAME—CONSTRUCTION OF STATUTE—CIVIL SERVICE RULE—ORDER OF LAYING OFF EMPLOYEES.

Veterans' preference act covers priority only in original appointment and employment in public service, and does not, either

As to validity of statute giving veterans preference in appointment to office, see annotation in 10 L. R. A. (N. S.) 825.

As to constitutionality of provision of civil service law relating to military or naval service of applicant for appointment or promotion, see annotation in 16 A. L. R. 1409.

expressly or by inference, require that veterans shall not be laid off until all nonveterans have been laid off, regardless of priority of appointment, and therefore it does not conflict with municipal civil service rule providing that, whenever it becomes necessary to reduce force, employees shall be laid off in inverse order of their appointment.

4. SAME.

Veterans' preference act should be construed in harmony with subsequent legislation giving rise to civil service rules as applied to municipal employees.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 14, 1932. (Docket No. 138, Calendar No. 35,822.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Bill by William Swantush and others against City of Detroit and others to enjoin preferential employment of war veterans and for a declaration of rights under 3 Comp. Laws 1929, §§ 13903–13909. Henry H. Jadwin and others, war veterans, intervened. Bill dismissed. Plaintiffs and interveners appeal. Affirmed.

*Weideman & Ring,* for plaintiffs.

*Clarence E. Page,* for defendant City of Detroit.

*Edward N. Barnard,* for interveners.

NORTH, J. The two questions of law presented in this case are clearly outlined in the following portion of the opinion filed by the trial judge:

"William Swantush and 63 other nonveteran sewer construction inspectors employed by the city of Detroit have filed this bill to restrain the defendants from giving preference in employment to any ex-service man. They attack the constitutionality of the so-called veterans' preference act, which is sections 1041 and 1042, 1 Comp. Laws 1915, as amended

by Act No. 224, Pub. Acts 1919 (1 Comp. Laws 1929, §§ 900, 901).

"The defendants urge that legislation should be sustained and under Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13903–13909), seek a decree determining the validity of the rule adopted by the civil service commission on January 30, 1931. The rule reads as follows:

" 'Whenever it becomes necessary in any department or bureau for lack of work or lack of the funds or other reasons than the delinquencies of the employee himself, or herself, to reduce the force in any employment in such department or bureau, the persons serving in such employment shall be laid off in the inverse order of their certification and appointment, that is, the last man certified and appointed will be the first man laid off, provided, however, in event the dates of certification and appointment of a veteran and non-veteran are the same, the veteran shall be preferred, and the non-veteran shall be first laid off.'

"Henry H. Jadwin and five other veteran sewer inspectors have intervened, and, while urging the act as constitutional, insist the rule is not valid. * * *

"The questions for determination are these:
1. Is the veterans' preference act constitutional?
2. Is the rule adopted January 30, 1931, valid?"

The trial judge sustained the validity of both the veterans' preference act (1 Comp. Laws 1929, §§ 900, 901) and the quoted rule or regulation of the Detroit civil service commission. Plaintiffs have appealed from the decreed validity of the act and the intervening defendants have appealed from the decreed validity of the rule.

The second section of the veterans' preference act was declared unconstitutional in *Koeper* v. *Detroit Street Railway Commission*, 222 Mich. 464. Section 1, with which we are here concerned, reads:

"In every public department and upon the public works of the State and of every county and municipal corporation thereof honorably discharged

Union soldiers, sailors and marines of the civil war, and honorably discharged soldiers, sailors and marines of the Spanish-American war, of the present war in Europe and of every other war in which the United States of America has been a participant, shall be preferred for appointment and employment; age, loss of limb, or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them: *Provided,* That whenever it shall become necessary to fill by appointment any vacancy occurring in any elective office, said appointment shall be deemed to be within the provisions of this act: *Provided further,* That the applicant shall be of good moral character and shall have been a resident of the State for at least two years and of the county in which the office or position is located for at least one year, and possesses other requisite qualifications, which shall be at least equal to those of other applicants.''

In assailing the constitutionality of the above section, plaintiffs as cross-appellants state in their brief that it is their contention the statute does ''not require a competitive examination on the part of applicants'' and it provides ''the veteran shall receive preference regardless of his qualifications for the position applied for.'' This contention is not tenable, because the act expressly provides that the applicant is given preference only when he possesses ''other requisite qualifications, which shall be at least equal to those of other applicants.'' Clearly the act contemplates that either by examination or other appropriate methods the qualifications of a veteran applicant to properly perform the duties of the position for which he applies shall be determined. Of this statutory provision cross-appellants also state in their brief: ''We do not contend it is a violation of a property right, but claim that it is an impairment of a contract.'' The point here urged

is that when these civil service employees have remained in the service for 25 years they become pensioners; but in the event of such an employee not being in the service for a period of one year or more in the interim he is automatically stricken off the list of employees and forfeits his prospective pension rights. The work of these sewer inspectors varies with the seasons, and in consequence they are employed in greater numbers at certain times of the year than at others. They are employed on a per diem basis, not by the month or year. On account of lack of work or lack of funds they are frequently laid off by the department. If, as was decreed by the circuit judge and as we hereinafter hold, the rule of the civil service commission and not the statute controls as to lay-offs or suspensions from service, this phase of cross-appellants' contention becomes of little or no importance; and the statute is not assailable on the ground that it impairs contractual rights. In so holding, we need not and do not pass upon the question as to these plaintiffs having a vested contractual right in a prospective pension. We have found nothing in this record or in cross-appellants' brief which would justify us in sustaining their contention that the quoted section is unconstitutional. Similar acts have been construed and sustained by highest authority. *Keim* v. *United States,* 177 U. S. 290 (20 Sup. Ct. 574). In *Shaw* v. *City Council of Marshalltown,* 131 Iowa, 128 (104 N. W. 1121, 10 L. R. A. [N. S.] 825, 9 Ann. Cas. 1039), it is said (quoting syllabus from L. R. A. [N. S.]):

"A statute giving preference to veteran soldiers in making appointments to minor offices is not invalid as depriving other citizens of equal privileges and immunities."

See, also, *State, ex rel. Boyd,* v. *Matson,* 155 Minn. 137 (193 N. W. 30); *Ellis* v. *Common Council of Grand Rapids,* 123 Mich. 567.

In *Koeper* v. *Street Railway Commission, supra,* it was noted:

"Statutes relative to appointment and employment of veterans appeared in some States shortly after the Civil War and have always been accorded tender consideration by the courts."

In the note appended to the *Shaw Case,* 10 L. R. A. (N. S.) 825, where numerous cases are reviewed, this pertinent observation is made:

"These decisions seem to recognize the power of the legislature, as a reward for past services performed in the army or navy, and as a means of promoting patriotism, to give to honorably discharged veterans a preference, where the qualifications are equal, to public offices filled by appointive power resting in some officer of the Federal, State or municipal government."

The validity of the civil service rule set forth in the above quoted portion of the circuit judge's opinion is attacked by the intervening defendants on the ground that the statute giving preference to honorably discharged soldiers and sailors applies not only to the initial "appointment and employment" but also to matters of laying off and re-employment; and that the statutory provision is superior to and controls as against any provision embodied in the rules adopted by the civil service commission of Detroit. The contention is that, because of the statutory preference, the civil service commission cannot adopt a rule based on seniority in service which conflicts with the statutory preference afforded service men. Stated in another way, the contention of intervening appellants is the statutory provision that service

men "shall be preferred for appointment and employment" means that a service man when once employed shall not be laid off until after all nonservice appointees have first been laid off; and in re-employment service men shall be reinstated before any nonservice man is returned to work. We are satisfied that the statute should not be so construed. No one would seriously contend that the veterans' preference act requires the discharge of nonveteran employees so that vacancies might be created to permit the initial appointment or employment of qualified veteran applicants. But that is exactly the result that would be accomplished in times of extensive lay-offs if the contention of the intervening appellants were to be sustained. The nonveteran would be supplanted by the veteran regardless of the fact that the nonveteran might have been in the service long before the appointment of the veteran. We are satisfied because of the obvious injustice that such a result was not contemplated by the legislature when the statute was enacted. The statute does not so provide in express terms or by reasonable implication. We think the statute covers priority in the original appointment and employment only as contradistinguished from the order in which employees shall be laid off or the order in which they shall be reinstated. When so construed, there is no conflict between the statute and the civil service rule which intervening appellants assail.

In arriving at our conclusion, we have not overlooked a fact stressed by counsel for intervening appellants, namely, that the origin of the preference act antedates the legislation which gave rise to civil service regulations in Detroit. But we are constrained to hold that if the statute was intended by the legislature to accomplish the broad and drastic

purpose which these intervening appellants assert it would have been expressed in unequivocal terms rather than left as a matter of possible inference. By giving the veterans' preference act a fair and reasonable meaning, it can be and should be construed in harmony with the legislation giving rise to civil service and its rules.

While our holding in this regard is not literally covered by the decisions hereinafter noted, it is in entire harmony with them. In similar New York statutory enactments the provisions are sometimes made to apply to "appointment and promotion" and in other instances to "appointment or employment." In *People, ex rel. Kaufman,* v. *Board of Education,* 166 App. Div. 58 (151 N. Y. Supp. 585), it was held, quoting syllabus:

"The board of education of the city of New York may, when work is slack, decrease its force by discharging some of a specially designated class and transfer to others the duty of performing the work which was formerly done by the persons discharged."

And in *Reilly* v. *Smith,* 92 Misc. Rep. 309 (156 N. Y. Supp. 686), the court said:

"Laying off or suspension for lack of work or lack of appropriation, no one else being appointed to fill the position, is in effect abolishing the position, and not a removal. * * * The difference between distributing the duties among existing employees and appointing a new man to the position is apparent."

*State, ex rel. Boyd,* v. *Matson, supra,* holds:

"But it is well settled that statutes forbidding municipal officials from removing appointees except for cause are not intended to take away the power

given such officials over the administrative and business affairs of the municipality, and do not prevent them from terminating the employment of an appointee by abolishing the office or position which he held, if the action abolishing it be taken in good faith for some legitimate purpose, and is not a mere subterfuge to oust him from his position." Citing *State, ex rel. Quintin,* v. *Edwards,* 40 Mont. 287 (106 Pac. 695, 20 Ann. Cas. 239).

Many decisions of like purport will be found in other jurisdictions.

We think the rule is valid as against the objection raised, and that the "appointment and employment" provided in 1 Comp. Laws 1929, § 900, refers to the initial appointment and employment of one entitled to such preference, and, in the absence of bad faith or subterfuge intended to defeat the statutory preference, in no way interferes with the subsequent administrative measures adopted incident to the conduct of the business in which the appointee is engaged.

The decree of the circuit court is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.