In the Matter of John M. Bateman, Petitioner, against Harry W. Marsh et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

In the Matter of James J. Weldon, Petitioner, against Harry W. Marsh et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

In the Matter of John M. Parchen, Petitioner, against Harry W. Marsh et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, June 24, 1946.

*Hartman & Craven* for petitioners.

*John J. Bennett, Corporation Counsel* (*Seymour B. Quel, Helen R. Cassidy* and *Harry Hollander* of counsel), for respondents.

Koch, J. Three proceedings, each seeking relief formerly obtainable by mandamus, have been consolidated into one. The preliminary motion in *Matter of Weldon* v. *Marsh,* is granted and the petition is amended so that in paragraph XIII thereof the Roman numerals X, XI and XII shall appear in place of

XI, XII and XIII.   One proceeding is brought by a lieutenant of the New York City police force, another by a sergeant and the third by a patrolman.   The respondent in each proceeding is the Municipal Civil Service Commission.  .The questions presented are: (1) The applicability of the recently adopted Veterans Preference Amendment (N. Y. Const., art. V, § 6) to eligible lists already in existence on January 1, 1946, the effective date of the amendment; (2) the applicability of the amendment to non-disabled veterans of wars other than World War II, and (3) the validity of the amendment in view of the provision of the Fourteenth Amendment to the United States Constitution that no State shall '' deny to any person within its jurisdiction the equal protection of the laws.''

Petitioner, Bateman, on December 31, 1945, immediately prior to the effective date of the amendment, occupied first place on the existing eligible list for captain promulgated on February 9, 1943.   He is not a veteran of any war.   On the basis of the amendment the Municipal Civil Service Commission revised the eligible list by placing ahead of Bateman's name the names of twenty-three non-disabled veterans of World War I and two non-disabled veterans of World War II.   Three of these twenty-five veterans have since received appointments as captain, and Bateman is therefore now twenty-third on the list.   Bateman seeks an order directing respondents (a) to reinstate the eligible list as it stood prior to the revision, (b) to revoke the certificates for appointment made from the list and (c) to certify petitioner for appointment to one of the resulting vacancies.

Petitioner, Weldon, on December 31, 1945, headed the eligible list for lieutenant, promulgated November 10, 1943.   He is also a nonveteran.   Revision of the eligible list to make it comply with the constitutional amendment resulted in Weldon's dropping to twenty-fourth place on the list.   Of the twenty-three veterans whose names were placed ahead of Weldon's, twenty-two were veterans of World War I and only one of World War II.   Four of the twenty-three have been certified to fill vacancies in the rank and grade of lieutenant.   The relief sought by Weldon is similar to that applied for by Bateman.

Petitioner, Parchen, also a nonveteran, on December 31, 1945, was sixty-fifth on the eligible list for sergeant, promulgated on November 24, 1942.   After the adoption of the amendment, the names of twenty-seven veterans of World War I and twenty veterans of World War II were placed ahead of his on a revised list, with the result that Parchen dropped to one-hundred-and-

twelfth place. Subsequent certifications to fill vacancies have brought Parchen 'to ninety-sixth on the list. Parchen seeks an order reinstating the list as it stood before the revision and restoring him to his proper position on the list.

Prior to the 1945 amendment, section 6 of article V of the New York State Constitution provided for a preference, in appointment and promotion, to '' honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States *disabled in the actual performance of duty in any war,* to an extent recognized by the United States Veterans' Bureau, who are citizens and residents of this state and were at the time * * * of his or her application for such appointment or promotion * * *.'' (Italics the court's.) At the general election held on November 6, 1945, a resolution of the State Legislature amending section 6 of article V was approved by the people, and thus became a constitutional amendment, effective January 1, 1946 (see N. Y. Const., art. XIX, § 1). The theretofore existing preference to disabled veterans of '' any war '' was continued by the amendment, except for certain changes immaterial here. In addition, a similar preference, subordinate, however, to that of disabled veterans, was granted by the amendment to any honorably discharged '' member of the armed forces of the United States who served therein in time of war, **who is a citizen and resident of** this state and was a resident at the time of his or her entrance into the armed forces of the United States * * *.'' This preference to non-disabled veterans, under the language of the amendment, expires December 31, 1950, but in no event less than five years after the veteran's honorable discharge.

On January 23, 1946, the Attorney-General of the State wrote an opinion to the State Civil Service Commission, interpreting the amendment as applying to existing eligible lists, already promulgated, and as granting a preference to veterans of any war. Copies of this opinion were distributed to various Civil Service Commissions, including the respondent. The eligible lists bearing the names of the present petitioners were thereupon revised in accordance with the opinion. On April 5, 1946, chapter 521 of the Laws of 1946 was signed by the Governor and took effect. This statute declares that the purpose and intent of the resolution adopted by the Legislature and approved by the electorate was to continue the preference granted to disabled veterans and '' to add for a five-year period a new preference in appointment and promotion for non-disabled veterans ''. The statute defines '' veteran '' and '' non-disabled

veteran " as meaning " a member of the armed forces of the United States who served therein in time of war, who was honorably discharged or released under honorable circumstances from such service, who was a resident of this state at the time of entrance into the armed forces of the United States and who is a citizen and resident thereof at the time of application for appointment or promotion * * * as the case may be." The term " time of war ", under the express wording of the statute, includes the Spanish-American War, the Philippine Insurrection, World War I from April 6, 1917, to November 11, 1918, and World War II from December 7, 1941 to September 2, 1945. The statute further provides (Civil Service Law, § 21, subd. 6): " The preference in appointment and promotion granted herein shall be applicable to all lists in existence on and after the first day of January, nineteen hundred forty-six." It is thus apparent that the statute confirms the construction placed upon the constitutional amendment by the Attorney-General.

The petitioners' contention that the amendment is inapplicable to eligible lists in existence at the time of its effective date is contrary not only to the clear and express provisions of chapter 521 of the Laws of 1946, but also to the language and obvious intent of the amendment itself. The amendment provides that disabled veterans " shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made, *without regard to his or her standing on any list from which such appointment or promotion may be made.*" (Italics the court's.) Non-disabled veterans " shall be entitled, after such disabled members of the armed forces shall have been first preferred, to *similar* preference in appointment and promotion." (Italics the court's.) In other words, from the time the amendment takes effect, all appointments and promotions shall give effect to the veterans' preference, regardless of the veterans' standing on any eligible lists. In plain and unmistakable language the amendment requires all appointments and promotions made after its effective date to comply with its provisions for veterans' preference. To adopt petitioners' construction that the amendment does not affect eligible lists existing at the time it took effect would tend to defeat and nullify the five-year preference given to non-disabled veterans. On petitioners' theory, the amendment would not apply to appointments and promotions made from lists promulgated up to and including December 31, 1945. These lists, under the provisions of section 14 of the Civil Service Law, might be in existence for as long as four years. The five-year period of

preference could thus be reduced by as much as four years to a one-year preference. Nothing in the amendment indicates the existence of an intention that it was not to affect existing eligible lists. That the intention was the very contrary appears from the provision that the preference in appointments and promotions is to be accorded "without regard to his or her standing on any list from which such appointment or promotion may be made." The argument of petitioners that the words of the amendment "are all *in futuro*" overlooks the fact that it is all future *appointments and promotions* — not merely *future eligible lists* — which must comply with the *Veterans' Preference Amendment*. Petitioners also urge that "a disabled veteran is entitled to a prior preference only if his disability is certified by the United States Veterans' Administration to be in existence at the time of his or her application for appointment or promotion". This, they argue, means that the certification of disability must antedate the promulgation of an eligible list. Since disabled veterans are entitled to a preference superior to that accorded to non-disabled veterans, and since no veteran of World War II can show a certified disability prior to the promulgation of any list in existence on January 1, 1946, petitioners maintain that the amendment was not intended to apply to existing lists. The difficulty with this tortuous argument is that the amendment itself clearly provides that all appointments and promotions made after its effective date shall accord the veterans' preference, regardless of standing on any list, and the Legislature has construed the amendment, in the statute thereafter enacted, to apply to lists in existence on and after January 1, 1946.

Petitioners also claim that the amendment, insofar as it grants a preference to non-disabled veterans, must be construed as applicable only to such veterans of World War II. The amendment itself confers a prior preference upon disabled members of the armed forces "who served therein *in time of war*" and a subordinate preference upon non-disabled members of the armed forces "who served therein *in time of war*" (italics supplied). Prior to the amendment, section 6 of article V had granted a preference to "honorably discharged" members "of the army, navy or marine corps * * * disabled in the actual performance of duty *in any war*" (italics the court's). The intention of the amendment was not to cut down the preference theretofore granted to disabled veterans of "any war" but rather to continue that preference and, in addition, confer other preferences upon non-disabled veterans. The

words " in time of war " are synonymous with the words " in any war " employed in section 6 of article V prior to the amendment. The same words, " in time of war ", are used in the amendment in connection with both disabled veterans and non-disabled veterans. It is impossible to construe the words " in time of war " to be applicable to *disabled* veterans of any war, but in the case of non-disabled veterans, only to those of World War II. What petitioners really claim is that the construction for which they contend is necessary to save the amendment from invalidity as violative of the Fourteenth Amendment of the Federal Constitution. Unless the amendment is construed as inapplicable to non-disabled veterans of wars other than World War II, petitioners argue, the amendment would confer a preference upon so many veterans that it would, in effect, bar all nonveterans from civil service employment or promotion. The language of the amendment is so clear, however, that it will not bear the construction attempted to be placed upon it by petitioners even if adoption of that construction would save it from a holding that it denied equal protection of the laws in violation of the Fourteenth Amendment.

We turn now to the question whether the amendment does violate the Constitution of the United States by denying the equal protection of the laws to the persons within the State In *Matter of Barthelmess* v. *Cukor* (231 N. Y. 435) the court held unconstitutional chapter 282 of the Laws of 1920, which attempted to confer a preference in promotion to members of the State civil service who took and passed a promotion examination while in the military or naval service and to persons who took and passed such examination and thereafter entered the military or naval service. The reason for the holding was that section 9 of article V of the State Constitution (the predecessor of the present section 6) at the time of the decision (1921) granted a preference only to honorably discharged veterans of the late Civil War and (p. 441) " Neither legislature nor court is competent to add another ". Mr. Justice Cardozo, writing for the court recognized, however (p. 444), " *that preference of veterans is not the denial to others of equal protection of the law* " and, further (p. 446), that the people might adopt a constitutional amendment in discharge of their " debt of gratitude " to the soldiers and sailors of the nation " for sacrifice and service." In *Matter of Gianatasio* v. *Kaplan* (142 Misc. 611, affd. 257 N. Y. 531) the attack upon the constitutionality of section 6 of article V of the New York State Constitution, as it read prior to the 1945 amendment, was based upon the claim

that it applied only to those disabled veterans who were citizens and residents of this State at the time of their entrance into military service. The holding was that the amendment did not deny the equal protection of the laws. In the course of his opinion at Special Term, Mr. Justice CALLAHAN (now a justice of the Appellate Division) said (p. 612): " While there is a dearth of authority on the precise question it appears that at least where proper conditional support exists the State may provide for preference in civil service on the basis of service to the country in time of war. (*Matter of Keymer*, 148 N. Y. 219; *Matter of Barthelmess* v. *Cukor*, 231 id. 435; *People ex rel. Kenny* v. *Folks*, 89 App. Div. 171; *Matter of Opinion of Justices*, 166 Mass. 589.) " Thereafter, in *Matter of Potts* v. *Kaplan* (264 N. Y. 110) the Court of Appeals declared that the provisions of section 6 of article V of the Constitution as adopted November 5, 1929 (p. 114), " are not repugnant to the Constitution of the United States in denying equal protection of the laws and abridging the privileges or immunities of citizens of the United States." Petitioners' brief states that " there can, of course, be no doubt as to the validity of a provision that generally grants a preference to veterans and we do not even suggest the contrary ". The brief does not even appear to question the validity of a preference which extends to non-disabled veterans. This is clear not only from the fact that the concession above quoted is not limited to disabled veterans, but also from the discussion under point II of petitioners' brief. The point heading reads: " To avoid invalidity, the veterans' preference amendment must be construed to exclude non-disabled veterans of all wars *other than World War II*." (Italics the court's.) Thus petitioners recognize that the amendment would be valid even if it preferred non-disabled veterans of World War II. It would, indeed, be difficult to justify a distinction, for purposes of determining the validity of a constitutional amendment granting civil service preferences, between military service which results in disability and similar service which does not cause disability. The loss of time and opportunities for advancement in civil life caused by military service in time of war and the suffering and other consequences of such service may well be thought to constitute a ground for preference almost as compelling as physical disability, which is accorded a superior preference by the amendment now under consideration. In many instances, the results of military service in time of war may be more disastrous as to non-disabled veterans than as to disabled veterans. Once the proposition is conceded that a

preference to non-disabled veterans is valid if limited to veterans of World War II, it must follow that a similar preference to veterans of other wars is also constitutional. It is true that the preference as to the non-disabled veterans of prior wars may be belated and that the degree of necessity or desirability for such a preference may be considerably less than that which calls for a preference to non-disabled veterans of World War II. It does not follow, however, that a preference to non-disabled veterans of former wars is therefore invalid. A preference in appointment or promotion in a civil service position is in the nature of the payment of a debt of gratitude by the people of the State to persons who loyally served their country in time of war (*Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435, 446, *supra*). The people of the State may properly feel that passage of time should not dissipate or extinguish the debt of gratitude owing to veterans of wars prior to World War II.

What petitioners' argument boils down to is this: That by reason of the preference granted to non-disabled veterans of former wars, so many non-disabled veterans will be entitled to preferences that nonveterans will, in effect, be barred from obtaining civil service employment and those already in the civil service will be barred from promotions. There are several answers to this contention. In the first place, the constitutionality of a veterans' preference amendment should not depend upon the ratio of the number of veterans who would be entitled to preference to the number of civil service positions to be filled and promotions to be made. Secondly, there is no proof as to the number of non-disabled veterans of wars other than World War II who would receive appointments to positions in the civil service or promotions to vacancies in that service. Only a fraction of the veterans of prior wars are presently in the civil service or likely to be future applicants for original entrance. The situation complained of by petitioners in regard to their particular lists may not be true generally as to the civil service of the State. And, finally, the preference to non-disabled veterans is limited to a five-year period and is therefore not nearly as drastic in its possible effects as petitioners would make it appear. It is quite true that the three petitioners in the present proceedings will probably lose all chance of promotion for some time as the result of their being placed further down on eligible lists which are likely to expire before their names can be reached. It may also be true that their failure to render military service was involuntary on their part. Although one cannot but sympathize with them in the unfortunate situation

in which they find themselves as the result of the constitutional amendment, it must be borne in mind that any preference to some necessarily has an adverse effect on others. The people of the State decided to favor those who had served in active defense of their country over those who had not. It is neither necessary nor appropriate here to consider the wisdom of that decision.

For the reasons indicated, the motions are denied.