Joseph M. **KOELFGEN**, on behalf of himself and all other non-veterans similarly situated, et al., Plaintiffs,

v.

John **JACKSON**, Individually and as Director of the Minnesota Civil Service Department, et al., Defendants,

and

American Legion Department of Minnesota, Intervening Defendant.

No. 4–71–Civ. 314.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 20, 1972.

Judgment Affirmed March 19, 1973.
See 93 S.Ct. 1502.

and Sheldon Evidon, Minneapolis, Minn., for plaintiffs.

Arvid M. Falk, Asst. City Atty., City of Minneapolis, for defendants Gallagher, Glover, Canfield, Cotsunomiya, and Proctor.

William Young, Asst. Hennepin County Atty., Minneapolis, Minn., for defendants Gray, March, Moore, Van Valkenberg, Truax and Hanson.

R. Scott Davies, Asst. Corp. Counsel, City of St. Paul, Minn., for defendants Haiden and Gleason.

John G. Kressel, Minneapolis, Minn., for intervening defendant American Legion Dept. of Minn.

Before STEPHENSON, Circuit Judge, and LARSON and LORD, District Judges.

## MEMORANDUM DECISION

LARSON, District Judge.

The plaintiffs herein have brought this suit as a class action. They claim to represent various classes of individuals who have been aggrieved by the operation of Minn.Stats. § 197.45, better known as the Veterans' Preference Law.[1] The statute has two major

Larry B. Leventhal, Minneapolis, Minn., Morley Friedman and Collins & Buckley, Delores Orey, St. Paul, Minn.,

---

1. Minnesota Statutes Annotated, § 197.45
*Preference in public appointments*
*Subdivision 1. Veteran defined.* The word "veteran" as used in this section and section 197.46 means any man or woman honorably discharged from the army, navy, marine corps, or Women's Auxiliary Army Corps of the United States in the Civil War, Spanish-American War, Phillippine Insurrection, China Relief Expedition, or any armed expedition for which Congress has awarded a campaign badge or medal, World War wherein the United States of America and the allied nations of England, France, and others were engaged in war against the Imperial German Government and its allies, and any other person who, on or after December 7, 1941, has been honorably discharged or separated from any branch of the armed forces of the United States (1) after having served on active duty for other than training purposes or (2) by reason of disability incurred while serving on active duty, who is a citizen of the United States, and has

been a resident of the state of Minnesota and of the county, city, town, village, school district, or political subdivision thereof to which application is made for five years immediately preceding his application, or who enlisted from the state of Minnesota, and persons who served in the active military or naval service of any government allied with the United States in World War I or World War II, and have been honorably discharged therefrom, and who are citizens of the United States and were such citizens at the time of entrance into such active service, and have been residents of the state of Minnesota five years immediately preceding their application or who enlisted from the state of Minnesota.
*Subd. 2. Preference to war veterans in public appointments.* That in every public department and upon all public works in the state of Minnesota and the counties, cities, towns, villages, school districts, and all other political subdivisions and agencies thereof, honorably discharged veterans shall be entitled to preference

provisions.[2] Subsection 2 grants an absolute preference to veterans when they are initially appointed to a civil service job (provided they score a passing mark on the civil service examination). Subsection 3 grants a bonus of five points to the score any veteran receives on a promotional examination; however, the preference may be used only once by each veteran. Plaintiffs assert that the entire statute is unconstitutional on its face in that it creates a class of citizens —veterans—and extends to it certain benefits at the expense of other citizens. In the alternative, plaintiffs seek to have this Court sever subsection 3, the one-time preference to veterans for promotion and declare it, alone, to be unconstitutional.

The procedural history of this case is not complex. Initially, defendant Jackson's unopposed motion to dismiss as to

in appointments, employment and promotion over other applicants therefor, and the persons thus preferred shall not be disqualified from holding any position hereinbefore mentioned on account of his age or by reason of any physical disability, provided such age and disability does not render him incompetent to perform properly the duties of the position applied for and when such veteran shall apply for appointment or employment under sections 197.45 and 197.46, the officer, board or person whose duty it is, or may be, to appoint or employ such person to fill such position or place, shall before appointing or employing anyone to fill such position or place, except where said veteran has already been qualified under civil service for the position applied for, make an investigation as to the qualifications of said veteran for such place or position, and if he is of good moral character, and can perform the duties of said position applied for by him, as hereinbefore provided, said officer, board or person shall appoint said veteran to such position or place of employment. In any governmental agency having an established civil service or merit system, no inquiry shall be made of any applicant for examination before such examination as to whether or not he is a veteran, nor shall any distinction be made in giving the examination or grading the results thereof on account of the fact that the applicant may be a veteran; provided, that this shall not abridge any preference to which such veteran is entitled. All governmental agencies when notifying the applicant that he has passed, shall inform the applicant of the right of a veteran to preference. The proper civil service or merit system authority shall certify his appointment and the appointing authority shall appoint such veteran before any other person is certified or appointed to fill a position for which the veteran has passed the examination.

A refusal to allow the preference provided for in this and the next succeeding section to any such honorably discharged veteran, or a reduction of his compensation intended to bring about his resignation or discharge, shall entitle such honorably discharged veteran to a right of action therefor in any court of competent jurisdiction for damages, and such officer and the persons responsible for such refusal if such refusal was wilful shall be personally liable therefor, and also for a remedy for mandamus for righting the wrong.

*Subd. 3. Promotional examinations.* In any governmental agency having an established civil service or merit system where an applicant is a veteran and he has passed the promotional examination, he may elect to have a credit of five points to the examination rating. The decision to make such election may be made either before or after the examination. If the election is made and the promotion is gained, such election shall preclude the use of a five point preference in further promotions. The name of the veteran or disabled veteran with such augmented rating shall be placed on the list of eligibles along with other eligible persons for the position or place, but the name of the veteran shall be entered ahead of a nonveteran when the ratings are the same.

*Subd. 4. Widows to have rights and privileges.* The widows of deceased veterans and the spouses of disabled veterans who, because of such disability, are unable to qualify, shall have all the rights and privileges given to a veteran by this section or by section 197.46

As amended Laws 1967, Ex.Sess., c. 4, § 2, eff. May 28, 1967.

2. It should be noted that the durational residency requirement contained in subsection 1 of § 197.45 was declared to be unconstitutional in the case of Carter v. Gallagher, 337 F.Supp. 626 (D.C.Minn. 1971). The time for appeal having run and no appeal having been taken, the statute should be read as if that provision were no longer a part of it.

himself was granted, as was the unopposed motion of the American Legion Department of Minnesota to intervene as a defendant. Additionally, there have been attempts by several of the plaintiffs to enjoin both the City of Minneapolis and the City of St. Paul from hiring on the basis of civil service lists reflecting the addition of veterans' preference points to applicants' scores. Both such requests were denied on the grounds that plaintiffs had failed to show a substantial likelihood of success at trial and that the balance of potential injury favored defendants.

## CLASS ACTION

 The numerous plaintiffs claim to represent several distinct classes of persons who have been harmed by application of § 197.45.[3] There has been no op-

---

3. All those non-veterans who have been denied employment solely because of the operations of the Veteran Preference provisions contained within Minnesota Statutes and ordinances and regulations promulgated pursuant thereto. This class is represented by Joseph M. Koelfgren.

All those non-veterans who have been denied promotion, solely because of the operation of the Veterans Preference provisions contained within Minnesota Statutes and ordinances and regulations promulgated pursuant thereto. This class is represented by Philip A. Neese, Albert Singer and Hugh D. Rohrbacher.

All those individuals who have responsibility for planning, guidance, supervision of public agencies who, because of the applicability and operation of the Veterans Preference provisions of Minnesota Statutes and ordinances and regulations promulgated thereto, are unable to provide for staffing within the respective programs and agencies, based solely on competence, and hence are unable to insure operation at peak efficiency of the program and/or agency for which they share responsibility, thus compromising their professionalism and pride. This class is represented by the collective membership of the Minneapolis Model City Program, Planning and Policy Committee and by Dixon Bond, Darlene Gossett, William English, Esther Schnoes, and Robert Walz, each as an individual member of said committee.

All citizens and organizations interested in maximum efficiency of governmental and public bodies and in advancing proper usage of taxpayer revenue by insuring that respective governmental bodies are staffed by the most qualified personnel; interested in insuring equal employment opportunities based solely on merit and competence, rather than mere affiliation with a military service; and interested in insuring equalization of opportunity to achieve such positions regardless of sex. This class is represented by the League of Women Voters of Minneapolis, the Minnesota Civil Liberties Union, and the National Organization of Women.

All veterans who have served on active duty within the United States Armed Forces who have been denied the opportunity to utilize employment and promotional advantages extended to veterans solely because they do not meet the residency requirement imposed upon those who did not enlist from the State of Minnesota, of having been a resident of the State of Minnesota for a period of five years. This class is represented by N. Lyle Prouse and William H. Walton.

All women who, because of the inequality of opportunities and programs directed to members of their sex by the branches of the United States Military, are placed at a competitive disadvantage with men because of the operation of the Veterans Preference provisions contained within Minnesota Statutes and the ordinances and regulations promulgated thereto. This class is represented by Jane Nelson.

All those individuals who attempted to enlist in the United States military but were rejected for service due to physical reasons but who are fully physically fit for their current public employment and are hampered in their advancement solely by the operation of the Veterans Preference provisions contained within Minnesota Statutes and ordinances and regulations promulgated pursuant thereto. This class is represented by Robert David Olson and Walter Johnson.

All past and current members of military reserve units who while fulfilling their military obligation and while participating in a standard and approved military program are denied the opportunity to utilize employment and promotional advantages extended to veterans because their active duty status does not extend beyond a period of six months. This class is represented by Lester Benson, James Charmoli, James Gillet, and John Sturner.

All public employees who are veterans as that term is defined in Minnesota

position by defendants to continuing this suit in the form of a class action. However, in making its determination, pursuant to Rule 23(c)(1), as to whether this action should be continued as a class action, this Court is inclined to modify plaintiffs' statement of the classes. The fact that plaintiffs' definition of the classes needs modification by the Court does not require dismissal. Thomas v. Clarke, 54 F.R.D. 245 (D. Minn.1971); Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y.1968).

■ It is this Court's judgment that the proper definition of the class is set out in paragraphs 5 and 6 of plaintiffs' complaint. Thus the class will consist of "All those non-veterans who have been denied employment solely because of the operations of the Veterans Preference provisions contained within Minnesota Statutes and Ordinances and regulations promulgated pursuant thereto" and "[a]ll those . . . who have been denied promotion, solely because of the operation of the Veterans Preference provisions contained within Minnesota Statutes and Ordinances and regulations promulgated pursuant thereto."[4]

In a class so defined the number of persons included is so numerous that joinder of all members is impracticable and there are questions of law and fact common to the class. The claims of the representatives are typical of the claims of the entire class, and the representatives assert that they will fairly and adequately protect the interests of the class. Thus the requirements of Rule 23(a) are met. Additionally, the redefined class meets the requirements of Rule 23(b)(2) in that the defendants herein have acted on grounds generally applicable to the class, i. e., they have given preference to veterans as is required by § 197.45. If plaintiffs are successful, injunctive relief with respect to the class as a whole will be appropriate. Therefore, this suit may proceed as a class action.

■ The classes represented by the named plaintiffs in paragraphs 7 and 8 of the complaint are not capable of clear enough definition and thus do not constitute a proper class. Dolgow v. Anderson, *supra.*

Those persons represented by the named plaintiffs in paragraphs 9–14 of the complaint are all included in the class as defined by the Court and it is unnecessary to further complicate this action by having numerous classes when two are sufficient.

## JURISDICTION

■ Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983. Defendants who are connected with the Minneapolis Civil Service System have

---

Statute, Section 197.45, but who are not entitled to preference in promotions by virtue of having used the promotional preference afforded by Section 197.45 (3) to achieve their present positions and are thereby effectively excluded from any future promotions in their jobs. This class is represented by David C. Patten and Edwin John Schonnesen.

All those non-veterans who have recently attained their current position and whose prospects for advancement, salary increase, seniority credit and selection of job assignments are adversely affected due to the operation of the Veterans Preference provisions contained within Minnesota Statutes and ordinances and regulations promulgated pursuant thereto. This class is represented by William Eck and William Finney.

4. For purposes of the Court's definition, "nonveteran" will include any person who does not fall within the definition of "veteran" as it is defined in § 197.45(1). Due to the decision in Carter v. Gallagher, *supra*, note 2, 337 F.Supp. 626, those persons whom the named plaintiffs in paragraph 9 of the complaint seek to represent are now included by the term "veteran" in § 197.45.

It should also be noted that plaintiffs' definition of the class has been slightly modified (the third word in paragraph 6 of the complaint—"nonveterans"—has been deleted) so as to include those persons who are described in paragraph 13 of the complaint.

asserted that the Court is without jurisdiction since § 1343(3) confers jurisdiction only in cases involving "personal rights," not in disputes involving "property rights."

When this case was argued, this contention was the subject of much controversy on the part of both courts and scholars.[5] However, subsequent events have provided this Court with an authoritative answer. In the recent case of Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972), the Supreme Court clearly rejected the "personal—property" distinction first enunciated in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) (Stone, J., concurring), and more recently resurrected by Judge Friendly in Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969). This removes any doubt as to the impropriety of such a distinction.

On the basis of this authority there can be no doubt that the Court has jurisdiction under the provisions of 28 U. S.C. § 1343(3) and (4).

## PREFERENCE TO VETERANS IN PUBLIC EMPLOYMENT

Plaintiffs have made a broad attack on veterans' preference, challenging both the initial absolute preference given by subsection 2 and the five point promotional preference granted by subsection 3. In the event we are not prepared to rule so broadly, they have proposed, as an alternative, that subsection 3 be considered separately and declared unconstitutional. Thus, for purposes of our analysis, the two subsections will be considered independently of each other.

Subsection 2 of § 197.45 gives an absolute preference in public employment to veterans, provided they meet the minimal requirements for other applicants, i. e., that they have scored a passing grade on civil service tests. In other words, all veterans who score a passing mark on the civil service exam must be appointed before any non-veteran, regardless of the relative scores of the various individuals.

Plaintiffs claim that this section creates a class of citizens—"veterans"—who are able to receive certain employment rights at the expense of all other citizens. This legislative classification, they assert, is prohibited by the Fourteenth Amendment in that it denies non-veterans equal protection of the laws.

In analyzing an equal protection claim it is first necessary to carefully view the statutory classification. The general rule is that great latitude is allowed legislatures in making classifications in social and economic legislation. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Williamson v. Lee Optical, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Because of the broad discretion given the legislature, the proponent of a constitutional attack on a statute usually has the burden of proving the statute denies him equal protection. Madden v. Kentucky, 309 U.S. 83, 88, 60 S.Ct. 406, 84 L.Ed. 590 (1940). However, when a statutory classification is either based upon "suspect criteria"[6] or affects a "fundamental right,"[7] the burden of proof shifts and such a classification will be held to deny equal protection unless it can be

5. Compare Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969), with German v. Schmidt, 330 F.Supp. 480 (W.D.Wis.1971). See also, Note, Section 1343 of Title 28— Is the Application of the "Civil Rights-Property Rights" Distinction to Deny Jurisdiction Still Viable?, 49 B.U.L.Rev. 377 (1969); Note, The Proper Scope of the Civil Rights Act, 66 Harv.L.Rev. 1285 (1953).

6. Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194

(1944); Harper v. Virginia Board of Elections, 383 U.S. 663, 668, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966).

7. Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); Reynolds v. Sims, 377 U.S. 533, 561, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Harper v. Virginia Board of Elections, supra; Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

justified by a "compelling governmental interest." Shapiro v. Thompson, 394 U. S. 618, 627, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

It is in this context that this Court must analyze § 197.45 of the statute. Plaintiffs would have us view § 197.45 as a statute which affects a "fundamental right," "the right to be fairly considered for public employment." On the other hand, it is defendants' contention that the statute is merely social legislation, much like any legislation which is designed to help a class which the Legislature has determined needs assistance, such as workmen's compensation or aid to dependent children.

■ We are inclined to agree with defendants. Plaintiffs have not convinced us that "the right to be fairly considered for public employment" is a "fundamental right," in the equal protection sense. In fact, none of the cases cited by plaintiffs involve equal protection issues.[8] All plaintiffs' cases stand for is the proposition that:

". . . whenever there is a substantial interest, other than employment by the state, involved in the discharge of a public employee, he can be removed neither on arbitrary grounds nor without a procedure calculated to determine whether legitimate grounds do exist." Birnbaum v. Trussel, 371 F.2d 672, 678 (2nd Cir. 1966). These are due process questions.

■ In view of the lack of authority for the position advocated by the plaintiffs, this Court is unwilling to view "the right to be fairly considered for public employment" as a "fundamental right." In fact, it is not proper for courts to pick out certain rights and characterize them as "fundamental" and give them added protection. Shapiro v. Thompson, *supra* (Stewart, J., concurring). Instead, "fundamental rights" are those rights which are established by the Constitution; and they are merely given the protection which the Constitution demands. Examples of such rights include the right to vote and the right to travel interstate. Reynolds v. Sims, *supra*; Shapiro v. Thompson, *supra*. Both of these rights are clearly protected by the Constitution. No such specific constitutional protection has been shown to exist for the "right to be fairly considered for public employment," and it is not likely that such could be shown.

■ We agree with Mr. Justice Stewart's analysis. Courts should be reluctant to find a right to be "fundamental," unless it is clearly set out in the

---

8. Plaintiffs have based their contention that the "compelling state interest" test should be applied here on the following cases: Keyishian v. Board of Regents of University of the State of New York, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); Slochower v. Board of Higher Education of the City of New York, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952). While they all hold that there is a "right to be fairly considered for public employment," they are all concerned with that "right in a due process context rather than in an equal protection context as it is presented here. It is very important to distinguish between the two, since the concepts and cases applicable to one are not necessarily applicable to the other. The cases cited by plaintiffs hold that the *methods* by which persons are hired or fired from public employment cannot be arbitrary, i. e., people are entitled to procedural due process in firing and hiring by public agencies. It does not follow either logically or legally that a "right" which cannot be impaired without procedural due process is likewise protected from all legislative action. In order to reach the latter conclusion, a completely different analysis must be made. The criteria and authority for deciding an equal protection question are very different from those used in answering a due process question, as the reasons and authorities set out in the body of this opinion will show if they are compared to the cases cited by plaintiffs in their briefs.

Constitution. By so finding, the Court subjects legislation affecting that right to much closer scrutiny, a situation which invites conflict between the courts and the legislature. This type of conflict should be avoided except when a right which is clearly at the foundation of our system of government is involved. Only then should the legislature's considered judgment be subject to the "compelling state interest" test. The "right to be fairly considered for public employment," as the term is used by the plaintiffs, clearly is not such a "fundamental right." Therefore, the defendants were under no burden to show a compelling state interest.

■ Since plaintiffs have been unsuccessful in their attempt to shift the burden of proof, we must now determine whether they have sustained their burden and overcome the traditional presumption of constitutionality. In order to overcome the presumption, it is incumbent upon the attackers—plaintiffs herein—to prove that there is no rational basis for the Veterans' Preference Statute. In other words, plaintiffs have the burden of showing that the legislature acted arbitrarily and capriciously in enacting § 197.45, and that the classification between veterans and non-veterans is without any rational basis. Merely showing that the law affects the activities of some groups differently than others or that the legislature could have acted in another manner is not sufficient to invalidate legislative action. By necessity all legislation involves a certain amount of classification by which some people are given rights or are caused to carry burdens which others are not. Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 (1921).

■ Although no precise formula for evaluating a claim that a statute violates the equal protection clause has been developed by the Supreme Court, nonetheless it is generally held that a state has a wide discretion in enacting laws which affect some groups of citizens differently than others. Kotch v. Board of River Pilot Commissioners, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947). The statute is inimical to the Fourteenth Amendment only if a classification rests on grounds wholly irrelevant to the achievement of the state's objectives. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). There is a presumption that state legislatures have acted constitutionally despite the fact that, in practice, a law may result in some inequality. Statutory discrimination in social legislation may not be set aside if any set of facts may be conceived to justify it. Metropolitan Casualty Insurance Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070 (1935); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).

There appear to be three principal reasons which have historically been given to justify giving preference to veterans.

1. The State owes a debt of gratitude to those veterans who served the nation in time of peril. State ex rel. Kangas v. McDonald, 188 Minn. 157, 246 N.W. 900 (1933).

2. A veteran is likely to possess courage, constancy, habits of obedience and fidelity, which are valuable qualifications for any public office holder. Goodrich v. Mitchell, 68 Kan. 765, 75 P. 1034 (1904).

3. Veterans should be aided in rehabilitation and relocation because military service has disrupted their normal life and employment. Note, 26 Wash. & Lee L.Rev. 165 (1966).

While this Court may not believe that these are good reasons for granting preference to veterans, by the same token, in the absence of proof, it cannot say that the legislature had no rational basis for concluding that such reasons justified preferring veterans in appointment to civil service. Minn.Stats. § 197.45(2). While much evidence has been presented showing the effect of veterans' preference on the job market,

the record is barren of any facts which would tend to show that these three justifications are without reasonable basis.

Plaintiffs have asserted that repaying a "debt of gratitude" by granting preference in employment is not rational. They assert that a "debt" could be paid in many other ways. This, however, misses the point. They have the burden not of showing that the legislature could have acted differently, but that the way that the legislature acted was without rationality. They have not met this burden.

Likewise, this Court has been presented with no evidence from which it can conclude that military training does not prepare veterans to be better civil service employees than non-veterans. Again, while we might not agree that veterans' training prepares them better for civil service work than those who have not been so trained, there are no facts in evidence which would show that it was unreasonable for the legislature to so conclude.

Finally, plaintiffs have failed to come forward with evidence which would show that it was irrational for the legislature to conclude that a preference in employment would aid in a veteran's readjustment to civilian life. While they have shown that there are other ways to aid in rehabilitation and relocation, they have not shown that granting employment preference is irrational.

Many State courts have previously considered the constitutionality of similar veterans' preference statutes; [9] some Federal courts have ruled on the validity of Federal veterans' preference; [10] all, on the basis of one or more of the rationales set out above, have found them to have a rational basis. In the absence of any proof that these reasons are irrational, this Court is unwilling to rule contrary to such weighty authority. While methods of constitutional analysis may have changed since many of these cases were decided, nonetheless the basic question of rationality has always had to be answered. There is no reason to think that reasons which were considered rational several years ago have become any less rational with age.

■ In order to prevail in their attack on subsection 2, plaintiffs had the burden of presenting evidence showing that none of the three justifications was rational. They have failed to negate any of them. Therefore, it is the considered judgment of this Court that subsection 2 of § 197.45 Minn.Stats. is not violative of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

## PROMOTIONAL PREFERENCE

Unless it is clear that the provisions of subsection 2 would not have been enacted separately from those in subsection 3, this Court may find subsection 3,

9. Apparently all States have some kind of law giving preference to veterans in employment. Kimbrough and Glen, American Law of Veterans, at 1177–1238. The courts of several States have ruled on the general question of the constitutionality of veterans' preference and without exception they have all ruled it to be constitutional. People ex rel. Sellers v. Brady, 262 Ill. 578, 105 N.E. 1 (1914); Shaw v. Marshalltown, 131 Iowa 128, 104 N.W. 1121 (1905); Goodrich v. Mitchell, 68 Kan. 765, 75 P. 1034 (1904); Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49 (1942); Opinion of the Justices, 166 Mass. 589, 44 N.E. 625 (1896); Swantush v. Detroit, 257 Mich. 389, 241 N.W. 265 (1932); Commonwealth ex rel. Graham v. Schmid, 333 Pa. 568, 3 A.2d 701 (1938); State ex rel.

Raines v. Seattle, 134 Wash. 360, 235 P. 968 (1925).
Additionally, the Minnesota Supreme Court has declared the Minnesota Veterans' Preference Statute to be constitutional on several different occasions, the latest of which was in State ex rel. Kangas v. McDonald, 188 Minn. 157, 246 N.W. 900 (1933). It should be noted, however, that the current statute has been significantly changed since it was last considered by the Minnesota Court due to the addition of subsection 3, the promotional preference, in 1967.

10. White v. Gates, 102 U.S.App.D.C. 346, 253 F.2d 868 (1958), cert. denied 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 (1958).

alone, to be unconstitutional. United States v. Jackson, 390 U.S. 570, 585, 20 L.Ed.2d 138, 88 S.Ct. 1209 (1968); Champlin Refining Co. v. Corporation Commission, 286 U.S. 210, 234, 52 S.Ct. 559, 76 L.Ed. 1062 (1932). It is evident to this Court that applying such a standard to the instant case compels the conclusion that subsection 3 can be severed from the other portions of the Act.

Subsection 3 was added to § 197.45 in 1967. Laws 1967, Ex.Sess., c. 4, § 2, eff. May 28, 1967. Thus the absolute preference given in initial appointment of veterans clearly predates the promotional preference and as such it would be absurd to assert that it would not have been enacted without the promotional portion because it very clearly was.

Additionally, the severability of portions of a statute is controlled by statute in Minnesota.[11] The thrust of this section is a presumption that invalid portions are severable. The presumption is overcome by a finding that "the valid provisions of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one." This is in essence the same test propounded by the Supreme Court, *supra*. As was pointed out above, there

is no reason to believe that the promotional preference provision added in 1967 was so tied to the much older initial preference that it cannot be severed.

Since subsection 3 can be severed from the rest of § 197.45, it is now necessary for the Court to move to a determination of whether the legislature had a rational basis for granting veterans the five point promotional preference. If plaintiffs can show that there is no such basis, then the preference constitutes a denial of equal protection and it must be invalidated.

The promotional preference accorded veterans by the Minnesota Statute is not a part of all veterans' preference statutes. In fact, many States do not give veterans promotional preference once they have been appointed to civil service. Likewise, the Federal veterans' preference statute gives no preference to veterans seeking promotion. While there have been many challenges to statutes giving preference to veterans when they are initially appointed to civil service, only four challenges to the constitutionality of promotional preference statutes have been found by this Court.[12] The four courts are equally divided; both Connecticut and Massachusetts have found promotional preference to veterans to be constitutional, while courts in Pennsylvania and Arizona have found it to be impermissible.[13]

---

11. Minnesota Statutes Annotated, § 645.20
*Construction of severable provisions*
Unless there is a provision in the law that the provisions shall not be severable, the provisions of all laws shall be severable. If any provision of a law is found to be unconstitutional and void, the remaining provisions of the law shall remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

12. Parrack v. Ford, 68 Ariz. 205, 203 P.2d 872 (1949); State ex rel. Higgins v. Civil Service Commission of Bridgeport, 139 Conn. 102, 90 A.2d 862 (1952); McNamara v. Director of Civil Service, 330 Mass. 22, 110 N.E.2d 840 (1953); Commonwealth v. O'Neil, 368 Pa. 369, 83 A.2d 382 (1951). In addition, a lower New York court upheld the constitutionality of a promotional preference statute but the New York Court of Appeals has never considered the question. Bateman v. Marsh, 188 Misc. 189, 64 N.Y.S.2d 678 (1946).

13. The Arizona court was only presented with the question of whether the Civil Service Commission could grant veterans promotional preference without express statutory authority. It ruled that it could not and in so doing strongly implied that in its view any promotional preference would be unconstitutional.

Here again we must agree with those courts which have upheld the validity of preferential treatment for veterans. As was the case with subsection 2, the plaintiffs had the burden of proving there was no rational basis for the promotional preference granted by subsection 3. They have not met that burden.

We found above that it was not irrational for the legislature to determine that the State owed veterans a debt of gratitude and that it could best be paid by granting a preference in employment. It seems to us that it was no less rational for them to find that debt to be of such magnitude that it necessitated further repayment by means of promotional preference.

Likewise, we found it was rational for the legislature to have decided that because of their military training veterans develop certain qualities which make them superior candidates for employment. How can we now say it was irrational for the same legislature to find that those qualities are still present when a veteran becomes eligible for promotion and thus entitle him to preferential treatment? As was said in State ex rel. Higgins v. Civil Service Commission of Bridgeport, 139 Conn. 102, 90 A.2d 862, 866 (1952):

> "If the qualities have once been acquired, it is reasonably probable that they will continue to characterize the veteran and thus afford the same potential value in promotions as they do in appointments. At least the legislature could reasonably have taken this position, and since it could, we are powerless to interfere with its decision."

Moreover, we agree with the Massachusetts Court that the differences which exist between granting veterans an initial preference and granting them a five point promotional preference are primarily differences in degree rather than principle. McNamara v. Director of Civil Service, 330 Mass. 22, 110 N.E. 2d 840, 843 (1953). For this Court to draw a constitutional line between initial and promotional preferences would require a kind of hair splitting that courts are ill equipped to handle.

Therefore, in the absence of proof that promotional preference is irrational, we are compelled to find Minn.Stats. § 197.45(3) to be constitutional.

In summary:

1. Plaintiffs' requests for a declaration that Minn.Stats. § 197.45(2) is unconstitutional are hereby denied.

2. Plaintiffs' requests for a declaration that Minn.Stats. § 197.45(3) is unconstitutional are hereby denied.

3. Plaintiffs' requests for a permanent injunction restraining defendants from certifying appointments to civil service on the basis of preferences accorded under Minn. Stats. § 197.45(2) are hereby denied.

4. Plaintiffs' requests for a permanent injunction restraining defendants from certifying promotions on the basis of preferences accorded under Minn.Stats. § 197.45(3) are hereby denied.

5. Plaintiffs' request for restoration of lost seniority and lost back pay and allowances to those who have been denied promotion due to the effect of Minn.Stats. § 197.45(3) are hereby denied.

6. Plaintiffs' requests for a declaration that Minn.Stats. § 197.45(1) is unconstitutional have been rendered moot by virtue of the decision in Carter v. Gallagher, *supra*.

7. All other relief requested by plaintiffs is hereby denied.

It is so ordered.

MILES W. LORD, District Judge (concurring):

I concur in the results reached by the majority, but I do so with great misgivings which are based upon my disagreement with the application of the legal principles stated in their opinion.

In other circumstances the right to public employment has been held to be a fundamental right and discrimination in public hiring would under those circumstances be subject to the test of whether or not there is a compelling state interest.

Likewise, the question of whether or not the state, as contrasted to the federal government, has any part in the raising or compensating of an army is subject to considerable doubt.

I feel, however, that as a matter of practicality the plight of the returning veteran is such that he should be rewarded in this manner, even at the expense of discriminating against others.

To arrive at this result one must deviate from the general principles of law applied in other situations, I have therefore concluded that I shall join with the result reached in the majority opinion.